370 A.2d 301
**COMMONWEALTH of Pennsylvania**
v.
**Samuel R. DAVENPORT, Appellant.**

Supreme Court of Pennsylvania.

Submitted Nov. 17, 1975.

Decided March 16, 1977.

Robert P. Paskings, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Steven H. Goldblatt, Asst. Dist. Atty., Chief, Appeals Div., Philadelphia, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

Appellant, Samuel R. Davenport, was convicted of murder of the second degree after a jury trial. Post-trial motions were denied, and appellant was sentenced to eight to twenty years imprisonment. In this appeal,[1] he asserts that he is entitled to a new trial because a

---

1. We hear this case pursuant to the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, art. II, § 202(1), 17 P. S. § 211.202(1) (Supp.1976).

statement taken from him should have been suppressed as the product of unnecessary delay between arrest and arraignment in violation of Pa.R.Crim.P. 130. *Commonwealth v. Futch*, 447 Pa. 389, 290 A.2d 417 (1972). We conclude that there was unnecessary delay between appellant's arrest and arraignment [2] and that the statement taken from appellant while in custody should have been suppressed.[3] We reverse and remand for a new trial.

I

On April 2, 1973, Richard Kennedy, a security guard, was stabbed in the locker room of the Triangle Publications Building in Philadelphia. Appellant was arrested at approximately 1:50 a. m. on April 3, 1973, several blocks from the premises by police officers who noticed that he was wearing his jacket inside out and that it was bloodstained. Appellant was immediately taken to the hospital where Kennedy was being treated. Kennedy, who died ten days later, could not identify appellant with certainty. Appellant was taken to the Central Detective Division headquarters at 2:15 a. m. and was placed in a detention room. At 3:08 a. m. he was given his *Miranda* warnings, and asked to participate in a line-up. He executed a written waiver of his right to counsel at the

2. The Commonwealth contends that appellant's claim that his statement was obtained as a result of unnecessary delay between arrest and arraignment has not been preserved for appellate review. The Commonwealth argues that the claim was not raised in appellant's pre-trial suppression motion or at trial. After review of the record, we conclude that appellant has preserved his claim. It appears from the record that the *Futch* claim was argued at the suppression hearing: the issue was presented at another suppression hearing held to determine the admissibility of the line-up identification. At trial, appellant's counsel objected to the introduction of appellant's statement, stating that he wanted to "renew" his objection made at the suppression hearing to the confession obtained "in violation of the rules of *Tingle, Dutton, Futch.*"

3. In view of our resolution of this issue, it is unnecessary to address appellant's claim that his confession was obtained in violation of *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed. 2d 694 (1966).

line-up. At 3:22 a. m. he was taken back to the detention room.

Appellant was held in the detention room until 5:00 a. m., when a line-up was conducted. At the conclusion of the line-up at 6:00 a. m., a detective told appellant that he had been identified as having been at the Triangle Publications Building the evening of the stabbing, and then began another interrogation session. Appellant denied any involvement in the killing. At 9:20 a. m. there was a break in the interrogation while appellant's clothing was taken for laboratory testing pursuant to a search warrant. After receiving assurances that the victim was still alive, appellant made his first admission of guilt at 9:55 a. m., eight hours after arrest. A written statement was taken at 11:30 a. m., and a formal typewritten statement was later taken, which appellant signed at 2:40 p. m. The last entry on the police department records is 2:50 p. m., when appellant was slated. At the suppression hearing, defense counsel tried to ascertain the time of arraignment, but the police did not know when he was arraigned. Appellant's uncontradicted testimony was that he was not arraigned until 9:30 p. m., 19½ hours after his arrest.

## II

■ A. The Pennsylvania Rules of Criminal Procedure require that an individual who is arrested be brought before a judicial officer for preliminary arraignment without unnecessary delay. Pa.R.Crim.P. 122, 130.[4] The purpose of this requirement is to insure that the accused

---

4. Rule 122, formerly Rule 116, provides:
"When a defendant has been arrested, with a warrant, within the county where the warrant of arrest was issued, where the complaint charges a court case, he shall be taken without unnecessary delay before the issuing authority whose name appears upon the warrant for preliminary arraignment."
Rule 130, formerly Rule 118, provides:
"When a defendant has been arrested without a warrant in a court case, he shall be taken without unnecessary delay before the proper issuing authority where a complaint shall be filed against him and he shall be given an immediate preliminary arraignment."

is promptly afforded the protections embodied in Pa.R. Crim.P. 140.[5] *Commonwealth v. Dixon,* 454 Pa. 444, 311 A.2d 613 (1973); *Commonwealth v. Tingle,* 451 Pa. 241, 301 A.2d 701 (1973). Rule 140 provides that the court shall inform the accused of the charges against him, his right to counsel, his right to bail and his right to a preliminary hearing. Thus, the requirement of a prompt arraignment serves to protect the accused's right to know "the nature and cause of the accusation against him," Pa.Const. art. I, § 9, his right to counsel, *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966); U.S.Const. Amends. VI, XIV; Pa.Const. art. I, § 9, and his right to reasonable bail. Pa.Const. art. I, § 14. It also protects the accused's right to be free from unreasonable seizure of his person. See *Gerstein v. Pugh,* 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975); U.S.Const. amends. IV, XIV; Pa.Const. art. I, § 8.

██ The requirement of a prompt arraignment reflects the importance of having the accused informed of these rights by a neutral judicial authority, see *Commonwealth v. Tingle,* 451 Pa. 241, 301 A.2d 701 (1973), and serves to check against abuse of an accused's rights by the arresting authority:

"The prohibition . . . against any unnecessary delay between an arrest by an accusatorial authority

5. Rule 140, formerly Rule 119, provides, in part:
 "(a) At the preliminary arraignment, the issuing authority shall not question the defendant respecting the offense charged, but shall forthwith deliver a copy of the complaint to him. The issuing authority shall also inform the defendant:
 (1) of his right to secure counsel of his choice and his right to be assigned counsel in accordance with Rule 318;
 (2) of his right to have a preliminary hearing or, except as provided in these rules, to waive it;
 (3) if the offense is bailable, of the amount of bail demanded and the types acceptable as provided in these rules; and
 (4) where to apply for bail if the offense is not bailable before the issuing authority.
 (b) If the defendant desires to post bail, secure counsel or notify others of his arrest, he shall be held but not be committed to jail until he has been given immediate and reasonable opportunity to do so."

and a preliminary arraignment minimizes the possibility of any unnecessary abridgement of a citizen's liberty. Such an abridgement would, of course, be unconstitutional. The danger of any such unnecessary and unconstitutional restriction of liberty diminishes significantly when a citizen is brought swiftly before a neutral judicial authority . . . ."

*Commonwealth v. Dixon,* 454 Pa. 444, 446, 311 A.2d 613, 614 (1973).

In order to enforce the prompt arraignment requirement this Court held in *Commonwealth v. Futch,* 447 Pa. 389, 290 A.2d 417 (1972), that evidence obtained during an unnecessary delay between arrest and preliminary arraignment is inadmissible at trial. This rule was adopted not simply to guard against the coercive influence of custodial interrogation, but to ensure that the rights to which an accused is entitled at preliminary arraignment are afforded without unnecessary delay. "[T]he exclusion . . . of statements made during the illegal delay in producing a person before a magistrate . . . is premised not only on the possible coercive effect of the delay itself, but on the postponing of the additional protections which attach on production." Model Code of Pre-Arraignment Procedure § 150.2 Commentary, at 388 (1975).

B. In *Commonwealth v. Williams,* 455 Pa. 569, 319 A.2d 419 (1974), this Court established a three part test for determining whether evidence obtained during a pre-arraignment delay will be suppressed: (1) the delay must be unnecessary; (2) the evidence must be prejudicial; and (3) the evidence must be reasonably related to the delay.

The police records in this case indicate that appellant was not arraigned for at least thirteen hours after his arrest, and appellant's uncontradicted testimony was that he was not arraigned until 19½ hours after his arrest. After his arrest appellant was initially unwilling

to admit any involvement in the crime. The delay was caused by a line-up, interrogation of the accused, and execution of a search warrant.

 We conclude that the eight hour delay between appellant's arrest and his first admission was unnecessary.[6] Arresting an individual and holding him over an extended period while continuing an investigation constitutes unnecessary pre-arraignment delay. *Commonwealth v. Showalter,* 458 Pa. 659, 328 A.2d 841 (1974) ; *Commonwealth v. Cherry,* 457 Pa. 201, 321 A.2d 611 (1974). Extended delay for the purpose of obtaining incriminating statements is also unnecessary. *Commonwealth v. Barilak,* 460 Pa. 449, 333 A.2d 859 (1975) ; *Commonwealth v. Williams,* 455 Pa. 569, 319 A.2d 419 (1974). The extended pre-arraignment delay in this case can be attributed to investigation and interrogation. Therefore the delay was unnecessary. See *Commonwealth v. Cherry,* 457 Pa. 201, 321 A.2d 611 (1974).

The second part of the Williams test requires that the evidence be prejudicial. Here, it is clear that the introduction of appellant's admission at trial was prejudicial. See e. g., *Commonwealth v. Williams,* 455 Pa. 569, 572–73, 319 A.2d 419, 420 (1974) ; cf. *Stroble v. California,* 343 U.S. 181, 72 S.Ct. 599, 96 L.Ed. 872 (1952) (Admission of confession is not harmless error, even though five confessions, of similar substance were properly admitted into evidence).

 Finally, we must decide whether the evidence obtained is reasonably related to the delay. It is not required that the unnecessary delay be the sole cause of ap-

---

**6.** In *Commonwealth v. Barilak,* 460 Pa. 449, 333 A.2d 859 (1975) we held that a statement taken five and one quarter hours after arrest was the product of an unnecessary pre-arraignment delay. See *Commonwealth v. Bey,* 462 Pa. 533, 341 A.2d 907 (1975) (opinion of Nix, J., joined by Roberts and Manderino, JJ.) (five hours); *Commonwealth v. Johnson,* 459 Pa. 171, 327 A.2d 618 (1974) (opinion of O'Brien, J., joined by Roberts and Manderino, JJ.) (four hours).

pellant's admission; it is enough that the unnecessary delay bear some relationship to the evidence obtained. *Commonwealth v. Barilak,* 460 Pa. 449, 333 A.2d 859 (1975); *Commonwealth v. Cherry,* 457 Pa. 201, 321 A.2d 611 (1974); *Commonwealth v. Futch,* 447 Pa. 389, 290 A.2d 417 (1972). Here, appellant initially denied any involvement in the crime. Only after eight hours in custody, during which he was subjected to two interrogation sessions, his clothing was seized, and he was identified at a line-up, did appellant finally make an incriminating statement. We conclude that this statement was reasonably related to the unnecessary delay. See *Commonwealth v. Cherry,* 457 Pa. 201, 321 A.2d 611 (1974); *Commonwealth v. Tingle,* 451 Pa. 241, 301 A.2d 701 (1973).

Accordingly, appellant's statement should have been suppressed as the product of an unnecessary pre-arraignment delay. Because this statement was admitted over objection at appellant's trial, he is entitled to a new trial.

### III

In light of our experience since *Commonwealth v. Futch,* 447 Pa. 389, 290 A.2d 417 (1972), we conclude that, pursuant to our supervisory power, we should adopt a rule under which the admissibility of any statement taken while the accused is in custody before preliminary arraignment is based on the length of the delay between arrest and arraignment. If the accused is not arraigned within six hours of arrest, any statement obtained after arrest but before arraignment shall not be admissible at trial.[7] If the accused is arraigned within six hours of ar-

7. We recognize that it is difficult to fix any particular time limit. Nevertheless, we conclude that it is desirable to set such a standard, and that six hours provides a workable rule which can readily be complied with in the absence of exigent circumstances.
 In no case have we held that a delay of six hours or more was not an "unnecessary delay." See e. g., *Commonwealth v. Lasch,* 464 Pa. 259, 346 A.2d 547 (1975); *Commonwealth v. Cullison,* 461 Pa. 301, 336 A.2d 296 (1975); *Commonwealth v. Barilak,* 460 Pa.

rest, pre-arraignment delay shall not be grounds for suppression of such statements except as the delay may be relevant to constitutional standards of admissibility. See *Commonwealth v. Eiland,* 450 Pa. 566, 301 A.2d 651 (1973); *Commonwealth ex rel. Butler v. Rundle,* 429 Pa. 141, 239 A.2d 426 (1968).

This rule will assure more certain and even-handed application of the prompt arraignment requirement, and will provide greater guidance to trial courts, the bar and law enforcement authorities. Such a rule will simplify the task of determining the admissibility of statements taken before arraignment and thereby further judicial economy. It will also lessen the burden on prosecution and defense resources. In many cases this rule should eliminate the need for pre-trial litigation of the admissibility of statements by the defendant and thus help reduce pre-trial delay. Moreover, a rule based on the length of delay between arrest and arraignment will better serve to deter violations of the prompt arraignment requirement and to ensure that the protections afforded

449, 333 A.2d 859 (1975); *Commonwealth v. Showalter,* 458 Pa. 659, 328 A.2d 841 (1974); *Commonwealth v. Parker,* 458 Pa. 381, 327 A.2d 128 (1974); *Commonwealth v. Sanders,* 458 Pa. 281, 327 A.2d 43 (1974); *Commonwealth v. Cherry,* 457 Pa. 201, 321 A.2d 611 (1974); *Commonwealth v. Williams,* 455 Pa. 569, 319 A.2d 419 (1974); *Commonwealth v. Dixon,* 454 Pa. 444, 311 A.2d 613 (1973); *Commonwealth v. Wayman,* 454 Pa. 79, 309 A.2d 784 (1973), overruled on other grounds, *Commonwealth v. Mitchell,* 464 Pa. 117, 346 A.2d 48 (1975); *In re Geiger,* 454 Pa. 51, 309 A. 2d 559 (1973); *Commonwealth v. Dutton,* 453 Pa. 547, 307 A.2d 238 (1973); *Commonwealth v. Tingle,* 451 Pa. 241, 301 A.2d 701 (1973).

We note also that the National Advisory Commission on Criminal Justice has recommended a maximum time limit of six hours. Standards and Goals of the National Advisory Commission on Criminal Justice, Corrections § 4.5 (1973). ("A person in the physical custody of a law enforcement agency on the basis of an arrest, with or without a warrant, should be taken before a judicial officer without unnecessary delay. *In no case should the delay exceed 6 hours.*") (emphasis added); see Model Code of Pre-Arraignment Procedure § 130.2 (1975) (accused may be held for two hours before he is brought before a judicial officer, except under special circumstances when an additional three hours are allowed).

at preliminary arraignment are made available without unnecessary delay.

Accordingly, we adopt a standard under which the admissibility of statements allegedly taken in violation of the prompt arraignment requirement will be determined by the length of delay between arrest and arraignment. This standard shall apply to all cases in which the accused is arrested after the date of this opinion.

Judgment of sentence reversed and a new trial granted.

JONES, former C. J., did not participate in the decision of this case.

## ORDER

While we do not accept several allegations in the application of the District Attorney for stay of the new Rule of Criminal Procedure recently announced in *Commonwealth v. Davenport*, 471 Pa. 278, 370 A.2d 301 (1977), and have no intention of reconsidering said Rule, we do direct that the effective date thereof be postponed until May 16, 1977.