456 A.2d 1364

COMMONWEALTH of Pennsylvania, Appellee,

v.

Warren BERNARD, Appellant.

Supreme Court of Pennsylvania.

Submitted Jan. 25, 1983.
Decided March 16, 1983.

Vincent T. Snyder, Philadelphia (Court-appointed), for appellant.

Robert B. Lawler, Chief, Appeals Div., David Da Costa, Asst. Dist. Attys., for appellee.

Before ROBERTS, C.J., and NIX, LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON and ZAPPALA, JJ.

## OPINION OF THE COURT

FLAHERTY, Justice.

Appellant, Warren Bernard, appeals from judgment of sentence of four to twenty years for his conviction, by a judge sitting without a jury, of murder of the third degree, arising out of the beating death of his nineteen month old son. The appellant testified at trial that on July 26, 1979, motivated by the child's bed wetting, he struck the child several times about the head and face with a closed fist, thus caused multiple injuries to the brain producing unconsciousness and, ultimately death.

The suppression court found Appellant was arrested at 11:50 p.m. on July 26, 1979 when the arresting officers received information from his wife implicating him in the beating. After receiving *Miranda* warnings, Appellant gave a statement admitting he punched his son's head several times. When his son fell to the floor, Appellant and his wife took the boy to a hospital. The police released Appellant at 3:05 a.m., 3 hours and 15 minutes after he was arrested; Appellant was not arraigned at this time. Appellant gave no further statements.

Later that morning (July 27, 1979), having examined Appellant's other 4 children, a physician concluded these four had also been physically abused by Appellant. Accordingly, a complaint was filed charging Appellant with aggravated assault, simple assault and endangering the welfare of a child and Appellant was arrested at 8:00 p.m. Appellant was arraigned on these charges at 1:49 a.m. on July 28. The total elapsed time between this arrest and arraignment was 5 hours and 49 minutes. Approximately 9 and one-half hours later, police were advised the nineteen month old son had died from his injuries. An arrest warrant pursuant to a

430

complaint charging murder issued at 5:00 p.m., and a detainer was lodged at the detention center holding Appellant. He was arraigned on the homicide charge at 2:10 p.m. on August 1, 1979. The suppression court's findings are supported by the record and will not be disturbed on appeal. *Commonwealth v. Taylor,* 494 Pa. 399, 403, 431 A.2d 915, 917 (1981).

Based on *Commonwealth v. Davenport,* 471 Pa. 278, 370 A.2d 301 (1977), Appellant argues the suppression court erred in failing to suppress his statement. This argument is wholly without merit. As this Court recently stated in *Commonwealth v. Jenkins,* 500 Pa. 144, 454 A.2d 1004 (1982) the complete release of an accused within six hours of arrest accomplishes the purposes sought to be achieved by the requirement of a prompt arraignment and no purpose is served by applying an evidentiary bar to cases of this nature. *Cf. Commonwealth v. McDade,* 462 Pa. 414, 421–22, 341 A.2d 450, 454 (1975) *cert. denied,* 424 U.S. 909, 96 S.Ct. 1102, 47 L.Ed.2d 312 (1976).

Judgment of sentence affirmed.