458 A.2d 1013

COMMONWEALTH of Pennsylvania, Appellant,

v.

Albert Lee MILLS.

Superior Court of Pennsylvania.

Submitted May 13, 1981.

Filed April 15, 1983.

Richard B. Russell, District Attorney, Pottsville, for Commonwealth, appellant.

Joseph P. Semasek, Assistant Public Defender, Pottsville, for appellee.

Before MONTEMURO, HOFFMAN and VAN der VOORT, JJ.

VAN der VOORT, Judge:

This is the Commonwealth's appeal from an order granting appellee's motion to suppress a statement given by him.

The police had received a report of a possible child beating occurring at a residence shared by appellee and two women and the women's children. When the police arrived

at the premises, appellee answered the door and invited them in. When inside, one officer observed, what appeared to be marijuana cigarettes, in open view laying on a table. Appellant grabbed the cigarettes and ran towards a set of stairs and was apprehended by the police officers.

Appellee was placed under arrest for possession of a controlled substance and was transported to the police station. At this time there was no *local* district justice on duty. The police decided to postpone arraignment until the following morning.[1] The following morning appellee asked to speak to the officer in charge. Appellee volunteered that he struck the child because the child was taking a seizure. The officer in charge was not previously aware of any pending child abuse investigation involving appellee, but nonetheless he realized that appellee was implicating himself, therefore the officer advised appellee of his *Miranda* rights.

The investigating officers were informed of appellee's statement and appellee was also charged with aggravated assault of the child. Appellee was arraigned on both counts approximately twelve (12) hours after he was initially arrested and about three and one-half (3½) hours after the statement was made.

Appellee filed a pre-trial motion to suppress both the marijuana seized and the statement. The court denied the motion to suppress the marijuana; no appeal was taken from that part of the order. The court did suppress the statement finding that the Commonwealth had violated the "six-hour rule" set forth in *Commonwealth v. Davenport*, 471 Pa. 278, 370 A.2d 301 (1977). The Commonwealth here appeals the order suppressing appellee's admission. It contends that prior to appellee's statement it had insufficient evidence to prosecute appellee; the prosecution contends but for appellee's admission, the only evidence linking ap-

---

1. The record was not developed as to the availability of a district justice. However, we will accept the Commonwealth's claim that the police decided against transporting appellee to another district for arraignment. Appellee's position is not prejudiced by our acceptance of this claim, as it shows the police decided to delay the arraignment.

pellee to the child beating was the mother's belief that appellee was responsible.

■ Until recently there has been some uncertainty as to when the Commonwealth may appeal from an order suppressing evidence. However, in *Commonwealth v. Lapia,* and *Commonwealth v. Dugger,* 311 Pa.Superior Ct. 264, 457 A.2d 877 (1983), the majority of this court, sitting en banc, held:

> When confronted with a Commonwealth appeal from an order suppressing evidence, we must determine for ourselves whether the order is appealable—whether it terminates or substantially handicaps the prosecution; and we must make that determination on the basis of the record, and on that basis alone.

(Opinion at 884).[2] Therefore, we must make an independent review of the record to determine whether suppression will terminate or substantially handicap the prosecution.[3]

■ We have carefully reviewed the record in this case. Contrary to the Commonwealth's claim in its brief, our review of the record does not support the claim that suppression will terminate or substantially handicap the prosecution. The record indicates that the police had received a complaint from the child's mother, Barbara Krusnoski, that appellee had beaten Chanda Krusnoski. (N.T. pp. 8, 27) After appellee had been arrested and taken into custody, at least one officer remained behind to interview Cary Tatum and her two children who shared the residence with appellee and Ms. Krusnoski. The officer then proceeded about a block and a half away, where Krusnoski and her child were located and transported them to the hospital. (N.T. p. 27)

2. Five separate opinions were filed. Judge Spaeth's lead opinion, from which the above quote was taken, was joined in its entirety, by two other judges, Judge Cavanaugh filed a separate opinion in which Judge Montemuro joined, in which he agreed with Judge Spaeth as to the above standard of review, Judge Wieand, also in a separate opinion, agreed with Judge Spaeth's opinion in this respect.

3. We have held up decision in this case awaiting the decision in *Lapia.*

The notes of testimony fail to show the extent of the Commonwealth's evidence; they are silent as to whether other evidence existed to link appellant to the alleged child beating or as to whether only appellee's admission could tie appellee to the incident.[4] However, the criminal complaint filed in this case tends to contradict the Commonwealth's position on appeal. On its face, the complaint indicates that the affiant filed such based on information received from the young victim's mother and the Tatum children.[5] No mention is made of the suppressed statement. Therefore, under the rule set forth in *Lapia*, we must reluctantly quash this appeal as there is no demonstration *of record* to indicate the Commonwealth could not proceed to trial.

In both *Lapia* and *Dugger*, the crime charged was possession of a controlled substance. As Judge Spaeth's lead opinion in *Lapia* and *Dugger* indicated:

"It is apparent that the record discloses that in each case the suppression order terminates the prosecution; the Commonwealth cannot prove a defendant's possession of a controlled substance if it cannot prove that it took the substance from the defendant."

(Opinion at page 885) This is not to say that suppression orders, in non possessory crimes, may not be appealed; but instead the record in such cases must be more fully developed and explicit as to whether the Commonwealth will be able to proceed. Applying such to the current case, we may only offer conjecture as to the Commonwealth's reasons for believing the suppressed evidence was necessary to its case. While it may be true, as the appellant would have us infer,

4. We do not mean to imply that the Commonwealth must reveal all of its cards at a suppression hearing, however, under the ruling of *Lapia*, enough cards must be produced to demonstrate that the prosecution will not have a case if the evidence is withheld from the fact finder at trial.

5. Neketa MacFarland, age 4, and Robert MacFarland, age 8; Chanda Krusnoski was age two.

that the victim's mother's allegations rested on mere suspicion, such inference outside of the record is inadequate.[6]

Appeal quashed.

**6.** Similarly we might presume that the Commonwealth was concerned about the tender age of one of its potential witnesses, however nothing in the record permits us to make such presumption.