## Commonwealth v. Mitchell

*William T. Tully*, for Commonwealth.
*Jeffrey M. Cook*, for defendant.

DOWLING, *J.*, June 15, 1983—What is the viability of the holding in Commonwealth v. Davenport, 471 Pa. 278, 370 A. 2d 301 (1977), that if the accused is not arraigned within six hours of arrest, any statement obtained after arrest but before arraignment should be admissible in trial, in view of Commonwealth v. Bennett _____ Pa. _____, 450 A. 2d 970 (1982) and Commonwealth v. Jenkins, _____ Pa. _____, 454 A. 2d 1004 (1982)?

In the instant case, the time of the arrest and the time of arraignment is not precise. It is evident from the record that the gap between the two was something between six hours and five minutes and six hours and 15 minutes. It should further be noted that the confession was obtained within the six hour period. The trial court declined to suppress the statement, and in a waiver trial this evidence along with other evidence of defendant's presence at the scene and proximity to the stolen property was sufficient to convict him of burglary.

We find ourselves in the unusual position of predicting a change in the Supreme Court's heretofore inflexible rule. We take this somewhat unusual step only on a basis of very reliable evidence; to wit, the record opinions of a majority of the justices.

In Commonwealth v. Bennett, supra., the precise issue before the court was whether a statement which trial court and Superior Court had both held inadmissible because it was secured two minutes after the six hours could nevertheless be used for impeachment purposes. The Supreme Court in a per curium opinion affirmed the Superior Court which had held the statement admissible for impeachment purposes. In a concurring opinion by Justice Flaherty, joined in by Justice Hutchinson, Justice Flaherty took occasion to criticize what he termed "stop-watch justice." Stating:

In my view, in application of the ancient maxim "Lex non curat de minimis," Hob. 88, a delay of more than six hours should not per se render any pre-arraignment statement inadmissible; rather, I would place on the Commonwealth the burden of proving that the delay was not unnecessary when the delay between arrest and arraignment exceeds six hours. "A clock-watching ritual should not be substituted for scrutiny of the record, analysis of the evidence and flexible application of standards of review designed to accommodate conflicting interests." Commonwealth v. Blady, supra. (Mr. Justice Larsen, dissenting).

Justice McDermott also wrote a concurring opinion, which was joined in by Justice Larsen excoriating the Davenport rule, characterizing it as a classic of technicality and calling for its reversal, stating:

It answers a drum sounding on a different field. We have invoked the rule to prevent one form of legality, an illegality that can be monitored without subjecting our judicial system to the sorest criticism, when the guilty go free for no reason except an unnecessary and inapplicable rule.

In Commonwealth v. Jenkins, supra, the issue before the court was whether the rule had been illegally circumvented when the police, unable to secure arraignment within the six hours, released defendant and then rearrested him. In upholding this procedure and reversing the trial court, which had concluded that the actions of the Commonwealth constituted an improper prosecutorial design to circumvent the Davenport rule. Justice Nix pointed out that despite the rather plain language, Davenport didn't really mean what it said in that it did not establish a rigid standard impervious to the purpose it was designed to serve. Calling attention to the fact that Davenport in a footnote said six hours provided a workable rule "in the absence of exigent circumstance warranting a 25-minute delay beyond the six hours." The opinion of the court also called attention to the concurring opinions in Commonwealth v. Bennett to the effect that the delay of six hours should not per se render pre-arraignment statements inadmissible.

It should be pointed out that neither Bennett nor Jenkens dealt with the precise issue here, i.e., the viability of the six hour rule where the timelag was a matter of a few minutes, the statement was obtained within the six hours and the delay had no causal relationship to the confession.

It is our opinion that under the present decisional law of our Supreme Court, the rigid rule in Davenport would not here be enforced.

Accordingly, we enter the following

## ORDER

And now, June 17, 1983, defendant's post-trial motions are denied and the district attorney is directed to present him for sentencing.