## Commonwealth v. Vaughn

*Edward Cameron, assistant district attorney,* for the Commonwealth.
*William T. Cannon,* for defendant.

SAVITT, *J.,* March 20, 1991—This is an appeal by the Commonwealth from this court's granting of a motion to suppress the statement of defendant Kemo Vaughn on the basis of the police's failure to take it within six hours of his arrest as required by Pennsylvania case law. The testimony at the suppression hearing held on January 31, 1991 and February 4, 1991 showed the facts to be as follows.

Defendant Kemo Vaughn, who was then 16 years of age, was arrested pursuant to a valid warrant on June 27, 1989 at 8:45 a.m. It was more than an hour and a half before a police wagon arrived to transport defendant to the Police Administration Building and he did not arrive there until between 10:30 and 11 a.m. Upon his arrival defendant was asked to give the detectives names of adult friends and relatives who could come down to the Police Administration Building to be present with him when he was questioned. He gave the names and correct addresses for his aunt and his grandmother, but did not give phone numbers saying he did not know his aunt's number and that his grandmother had no phone. He provided the address and phone number of his girlfriend. He also provided his mother's name and maiden name but was unable to give her exact address because she was living around 40th and Cambridge Streets with her boyfriend. The detectives then called personnel at the districts in which defendant's aunt and grandmother lived asking them to contact defendant's relatives concerning his situation. The detectives subsequently learned that no

one was found at either of these addresses and that messages had been left for the defendant's aunt and grandmother to call the homicide unit. No attempt was made to contact defendant's mother because no exact address could be found for her.

In the interim, defendant was neither given *Miranda* warnings nor questioned concerning the incident, but was left alone in an interrogation room. Shortly after 2 p.m., defendant's mother arrived at the Police Administration Building, having been contacted at her work place by defendant's grandmother. The mother was informed by Detective Ansel of the charges against her son, was told that it would be in his best interest to give a statement and was permitted to be alone with him in the interrogation room for a short period of time. Detective Ansel then entered the room, advised defendant and his mother of his *Miranda* rights and left the room. At about 2:45 p.m. defendant's mother knocked on the door and informed the detectives that defendant was willing to give a statement. At 3 p.m., just prior to giving the statement, defendant and his mother signed a form, purporting to waive the six-hour rule, at which time the six hours had already elapsed. The statement began at 3:10 p.m., six hours and 25 minutes after defendant's arrest. It continued with a 10-minute interruption until 4:50 p.m., eight hours and five minutes after defendant was arrested.

The Commonwealth here argues that the statement should not have been suppressed first, because the delay in taking defendant's statement was necessary and was unrelated to obtaining the statement and second, because defendant and his mother signed a document purporting to waive the six-hour rule as set forth in Pennsylvania case law.

With respect to the question of delay in *Commonwealth v. Davenport,* 471 Pa. 278, 370 A.2d 301

(1977), the Pennsylvania Supreme Court held that failing to arraign a defendant within six hours of his arrest required suppression of a voluntary statement. The *Davenport* court, quoting *Commonwealth v. Williams,* 455 Pa. 569, 319 A.2d 419 (1974), set forth a three-part test for determining whether evidence obtained during a prearraignment delay should be suppressed: (1) the delay must be unnecessary; (2) the evidence must be prejudicial; (3) the evidence must be reasonably related to the delay. In the cases which followed *Davenport* the courts have defined necessary delay as that which is reasonably required for the administrative processing of the accused citizen. *Commonwealth v. Jenkins,* 500 Pa. 144, 454 A.2d 1004 (1982), quoting *Commonwealth v. Futch,* 447 Pa. 389, 290 A.2d 417 (1972). Extended delay for the purpose of obtaining an incriminating statement is unnecessary delay. *Commonwealth v. Davenport, supra.* A confession must be reasonably related to the delay in the sense that it would not have been obtained had it not been for the delay. *Commonwealth v. Johnson,* 516 Pa. 407, 532 A.2d 796 (1987), citing *Commonwealth v. Cherry,* 457 Pa. 201, 321 A.2d 611 (1974).

In *Commonwealth v. Duncan,* 514 Pa. 395, 525 A.2d 1177 (1987), the Supreme Court modified the rule of *Davenport* to the extent that a voluntary statement obtained within six hours of arrest is not considered to be in violation of the rights of the accused and should be admitted even though the defendant was not arraigned within six hours of his arrest. While *Duncan* modified the requirements of *Davenport* with respect to the action which must be taken by police within six hours, all other requirements of that case remain in force. This court concludes, therefore, that the *Davenport-Duncan* rule requires that, absent exigent circumstances,

either defendant's statement must be taken within six hours of his arrest or he must be arraigned within six hours of his arrest.

An arraignment may not be delayed solely for the purpose of obtaining a statement. Such a delay continues to be unnecessary within the meaning of *Davenport.* Although the evidence here shows that the police waited for defendant's mother in the good-faith belief that an interested adult should be present when they questioned him, it also shows that they delayed taking defendant to his arraignment with the express purpose of obtaining a statement.* Furthermore, the evidence shows that defendant's mother advised him to give a statement to police and that he agreed to do so after she had spoken to him alone in the interrogation room. It is clear that it was the arrival of defendant's mother that caused him to give the statement and that it would not have been given absent the delay in anticipation of her arrival. Had he been arraigned he would have had the opportunity to speak with counsel concerning his right to remain silent.

The Commonwealth's argument that this case falls within the exigent circumstances exception to the six-hour rule because defendant misled them in giving information about his relatives has no merit. He gave the correct address for both his aunt and his grandmother and answered all questions concerning his relatives that the police asked him. There was no deception on the part of defendant and therefore, no basis to exclude the time the police waited for an

---

* That the statement was taken within six hours and 25 minutes of defendant's arrest is not crucial as it is the principle that is here important. To admit the statement under these circumstances would defeat the purpose of the rule and encourage long delays for the purpose of obtaining a statement.

interested adult. The fact that the police waited for defendant's mother before either questioning or arraigning him cannot be considered an exigent circumstance because this delay was clearly for the purpose of obtaining a statement and defendant could have been arraigned while they were waiting for his mother.

The delay was unnecessary, the evidence obtained was prejudicial and the giving of the statement was clearly related to the delay. The police neither obtained the statement nor took defendant to arraignment within six hours of his arrest and the delay was for the sole purpose of obtaining a statement. Under these facts and the existing case law there is no alternative; defendant's statement must be suppressed.

With regard to the issue of waiver, the Commonwealth's argument that defendant's statement should not be suppressed because he and his mother signed a "waiver of rights" has no merit. The six-hour rule is not a right of the defendant, but is an exclusionary rule designed to insure prompt arraignment of all defendants. As such it is the obligation of the police to see that the defendant either gives a statement or is arraigned within six hours of his arrest. An obligation of the police is not a right which may be waived by the defendant. The purported waiver of the six-hour rule is not valid and cannot serve to bar suppression of the defendant's statement.

Even if this were a right waivable by the defendant, the evidence shows that his so-called waiver was neither knowing nor intelligent. The Commonwealth has the burden of showing that a waiver of a right to remain silent was knowingly and voluntarily given. *Fare v. Michael C.,* 442 U.S. 707 (1979); *Commonwealth v. Hughes,* 521 Pa. 423, 555 A.2d 1264 (1989); *Commonwealth v. Chacko,* 500 Pa. 571,

459 A.2d 311 (1983); *Commonwealth v. Barry,* 500 Pa. 109, 454 A.2d 985 (1982). The test for determining whether a waiver is knowing and intelligent is the totality of the circumstances, which mandates consideration of all the surrounding circumstances. *Fare v. Michael C., supra; Commonwealth v. Chacko, supra; Commonwealth v. McFadden,* 384 Pa. Super. 444, 559 A.2d 58 (1989), *alloc. denied,* 524 Pa. 595, 568 A.2d 1246 (1989). This includes evaluation of a juvenile's age, experience, education, background and intelligence, and whether he has the capacity to understand the warnings as well as the consequences of waiving these rights. *Commonwealth v. Barry, supra; Commonwealth v. McFadden, supra.* In *Barry, supra,* the court found that under the totality of circumstances test, absent a showing of the defendant's education, experience, background, maturity and ability to understand, there was not sufficient evidence to support a finding that his waiver was knowing and intelligent. Further, the court held that the defendant's signature on a "waiver of rights" form did not, by itself, provide a sufficient basis to conclude that the defendant made a knowing and intelligent waiver of his rights. *Commonwealth v. Barry, supra.*

In the case at bar, except for the facts that defendant signed the form and had previously been arrested as a juvenile, the record is devoid of evidence as to defendant's education, maturity and ability to understand this waiver of the six-hour rule. The record is similarly devoid of evidence as to whether the waiver and the consequence of signing it was explained to defendant or his mother. On the basis of this record it cannot be concluded that either defendant or his mother understood the nature of this waiver or the consequences of signing it. The waiver was not knowingly and intelligently

given and the signed waiver of the six-hour rule is not valid. Accordingly, the motion to suppress his statement must be granted.