**Richard MERCADO, Appellant,**

v.

**Donald T. VAUGHN; The District Attorney of the County of Monroe; The Attorney General of the State of Pennsylvania.**

No. 00–1070.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Feb. 7, 2002.

Filed Feb. 27, 2002.

Before SLOVITER, AMBRO, Circuit Judges, and SHADUR, District Judge.

## MEMORANDUM OPINION OF THE COURT

SLOVITER, Circuit Judge.

This is an appeal by Richard Mercado from the District Court's denial of his application for a writ of habeas corpus challenging his state court conviction for first degree murder and robbery. Mercado's principal contention is that he did not voluntarily waive his Miranda rights and therefore statements he made to police should not have been admitted at trial. We reject his contention, giving the required deference to state court factual findings.

### I.

### FACTS AND PROCEDURAL HISTORY

Mercado, driving a stolen van, was involved in a motor vehicle accident on May 2, 1981 in Cape May, New Jersey. Police on the scene soon discovered that the vehicle, a brown Chevrolet van, had been

owned by David Lehnert. Lehnert, a photographer who was employed at the same Pocono resort as Mercado, had been found stabbed to death alongside of Stroud Road, Stroud Township, Monroe County, Pennsylvania several weeks earlier. The Cape May police arrested Mercado and two young men who were passengers in the van and transported them to the Cape May Police Station. At the station, the Cape May police informed Mercado of his Miranda rights and attempted to question him, but he invoked his right to an attorney and the interview was terminated.

After they arrived at the station, the Cape May police contacted the Pennsylvania State Police. Later that day, Stroud Township Detective George Wilson and Pennsylvania State Trooper Donald Kresge arrived at the Cape May facility. They administered a second set of Miranda warnings and, at some point, informed Mercado that they were there in reference to "the death of David Lehnert, who was the owner of the van." App. at 70. Once again, Mercado invoked his right to an attorney and the interview was terminated. Wilson and Kresge went out to examine the van and returned approximately 30 minutes later, preparing to depart. At this point Wilson and Kresge were informed that Mercado wanted to see them. *Id.* at 59–60.

Wilson and Kresge reissued Miranda warnings, to which Mercado replied "I have heard them hundreds of times" and refused to sign the waiver of rights form. *Id.* at 61. Wilson and Kresge informed Mercado that, in the absence of a signed waiver, they could not talk to him. At this point, Mercado signed the waiver form and an interview followed. During the interview, Mercado told the Pennsylvania officers "I know why you are here, I didn't do it, Victor did." *Id.* at 316. This statement was later used in Mercado's trial "to show,

inter alia, his presence at the scene of the crime and his effort to cast suspicion on another." App. at 185. Soon after the interview, Mercado was arraigned before a New Jersey magistrate judge, approximately 12 hours after his arrest.

Mercado was tried before a jury in the Monroe County Court of Common Pleas and found guilty of robbery and first degree murder on October 16, 1981 and sentenced to life imprisonment. The Pennsylvania Superior Court affirmed the conviction and sentence. *Commonwealth v. Mercado*, 329 Pa.Super. 564, 478 A.2d 59 (1984). The Pennsylvania Supreme Court denied Mercado's petition for allowance on appeal. App. at 256. Mercado then filed a habeas corpus application in the District Court for the Eastern District of Pennsylvania, raising for the first time an ineffective assistance of counsel claim. That petition was dismissed for failure to exhaust available state judicial remedies. *Mercado v. Zimmerman*, 1989 U.S. Dist. LEXIS 531, *4 (E.D.Pa.).

The Monroe County Court of Common Pleas denied Mercado's petition for post-conviction relief on his ineffective assistance of counsel claim on July 12, 1991. App. at 3. On December 30, 1991 the Pennsylvania Superior Court affirmed the conviction, App. at 255, and the Pennsylvania Supreme Court denied allocatur on December 10, 1992. The Monroe County Court of Common Pleas also denied Mercado's second petition for post-conviction relief which asserted new ineffective assistance of counsel claims against both his trial counsel and his attorney in the previous post-conviction relief action. The Superior Court affirmed on April 1, 1998, and once again the Pennsylvania Supreme Court denied allowance of an appeal on March 12, 1999. App. at 4.

Mercado filed for federal habeas relief on the Miranda issue, the delay between

his arrest and arraignment, and for ineffective trial counsel. In a written opinion, the District Court denied the petition. App. at 1. The District Court issued a certificate of appealability for the Miranda issue only. Mercado filed a timely notice of appeal. He lists the following issues as presented by his appeal:

Whether the defendant's statements were inadmissible because he did not knowingly and intelligently waive his Miranda rights?

Were the defendant's statements inadmissible because the police failed to advise him that he was being investigated for murder, and not just for car theft?

Whether the defendant's statements are inadmissible because he twice invoked his right to counsel, before he issued a coerced statement to the police?

Whether the defendant's statements are inadmissible because the police delayed his arraignment so that they could extract a statement from him?

Whether the defendant's statements are inadmissible because they are the product of deliberate police deception and trickery?

Brief of Appellant at 1–2.

The District Court had subject matter jurisdiction under 28 U.S.C. § 2254(a). This court has appellate jurisdiction under 28 U.S.C. § 2253.

## II.

Mercado argues that he did not voluntarily waive his Miranda rights and that his statement to the Pennsylvania officers should have been suppressed because: 1) the waiver was not knowingly and voluntarily made because he was never properly informed of the charges against him, 2) his waiver of rights was coerced because the Cape May Police held him for 12 hours prior to arraignment with little food or sleep, 3) the statement should have been suppressed because it was made after Mercado invoked his right to counsel, 4) his statement was the product of police misconduct, and 5) his statements were not voluntary under the "totality of the circumstances" test.

■ Whether a defendant has voluntarily waived his Miranda rights " 'is a mixed question of law and fact, subject to plenary review by federal habeas courts.' Though we do not treat with deference the legal conclusions reached by the state court, the underlying factual findings, upon which the court based its conclusions, if fairly supported by the record, are entitled to the statutory presumption of correctness provided by 28 U.S.C. 2254(d)." *Alston v. Redman,* 34 F.3d 1237, 1253 (3d Cir.1994) (quoting *Ahmad v. Redman,* 782 F.2d 409, 412–13 (3d Cir.1986)). We have held that the voluntariness of a confession must be judged on the "totality of the circumstances," including police coerciveness, the length, location and continuity of the interrogation, the defendant's maturity, education, and physical and mental health, and the failure, if any, of the police to advise the defendant of his rights. *United States v. Swint,* 15 F.3d 286, 289 (3d Cir.1994). Unless there is "police conduct causally related to the confession," the confession is voluntary. *Colorado v. Connelly,* 479 U.S. 157, 164, 107 S.Ct. 515, 93 L.Ed.2d 473 (1986).

■ The only relevant evidence on the circumstances surrounding Mercado's statement is contained in the record of the suppression hearing. The District Court summarized the factual findings made by the Court of Common Pleas based on that record as follows:

Mercado initiated the second encounter with Wilson and Kresge after initially invoking the right to counsel. The court also found that the waiver was

knowing and intelligent since Mercado was advised by the officers that they wanted to talk to him concerning the van and the death of David Lehnert.

App. at 7. While the government normally bears the burden to prove the validity of a waiver, see *Lego v. Twomey,* 404 U.S. 477, 489, 92 S.Ct. 619, 30 L.Ed.2d 618 (1972), the District Court correctly stated that when such a claim is raised for habeas relief, the factual findings of the state court are afforded a presumption of correctness. 28 U.S.C. § 2254(d). Such a presumption places on the petitioner a burden of rebuttal—to offer counter evidence to refute the factual findings of the state court. Apart from his unsupported assertions, Mercado has pointed to no counter evidence. Based on the only relevant evidence in the record, which consists of the statements of the Pennsylvania officers, and the presumption accorded the state court findings, the District Court did not err in rejecting Mercado's argument.

Mercado's second argument is based on a Pennsylvania Supreme Court rule requiring that a suspect be arraigned without unnecessary delay. *Commonwealth v. Davenport,* 471 Pa. 278, 370 A.2d 301 (1977). The Davenport rule appears to have fallen into some disfavor in Pennsylvania. See, e.g., *Commonwealth v. D'Amato,* 514 Pa. 471, 526 A.2d 300, 307–08 (1987). More importantly, Mercado was arrested in New Jersey, held in New Jersey, and arraigned in New Jersey on charges under New Jersey state law (receipt of stolen property). New Jersey has no "bright line" standard as Pennsylvania had under Davenport.

Most damningly, a violation of a state procedural rule cannot form a basis for habeas relief in a federal court. While an unduly long delay may give rise to a constitutional claim, it can only do so as an indication that the confession might have been involuntary. *United States ex rel. Hayward v. Johnson,* 508 F.2d 322, 329–30 (3d Cir.1975). The Pennsylvania courts and the District Court both considered Mercado's claim that he had been denied sleep and food in the "totality of the circumstances" and found that it did not indicate a coerced confession. We discern no basis to reject those decisions.

Mercado's third argument, that he was questioned after he invoked his right to counsel, is also without merit. Mercado was advised of his rights first by the Cape May Police, then the Pennsylvania officers. The first two times he stated that he wanted an attorney and the interview was terminated. After he requested the Pennsylvania officers come back to talk with him Mercado was advised of his rights a third time. He stated that he wanted to talk but did not want to sign the waiver form. The officers told him that they could not talk to him until he did sign the waiver, at which point he signed.

In *Edwards v. Arizona,* 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981), the Supreme Court held:

> [A]n accused ... having expressed his desire to deal with the police only through counsel, is not subject to further interrogation by the authorities until counsel has been made available to him, unless the accused himself initiates further communication, exchanges, or conversations with the police.

*Edwards,* 451 U.S. at 484, 101 S.Ct. 1880 (emphasis added). According to the record, Mercado himself asked the Cape May Desk Sergeant to bring in the Pennsylvania officers a second time. He reinitiated contact with the officers, was advised again of his Miranda rights, signed the appropriate waiver, and made a statement to those officers. Under Edwards, Mercado's waiver was voluntary and the statements were therefore admissible.

Mercado's fourth argument is that the police used deceptive practices by depriving him of sleep and medical care, misled him regarding the reason for their investigation, and continued to question him after he invoked his right to counsel. His fifth argument is that his statements were involuntary under the totality of the circumstances test. These arguments restate contentions in his first three arguments, which we have previously discussed.

## III.

## CONCLUSION

Mercado has failed to demonstrate that he did not intelligently and voluntarily waive his Miranda rights. His statements to the Pennsylvania officers were admissible at trial. We will affirm the District Court in denying Mercado's habeas petition.