J-A14024-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JUAN MIGUEL SERRANO-TORRES, | |
| Appellant | No. 1586 MDA 2013 |

Appeal from the Judgment of Sentence of August 7, 2013
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0002943-2012

BEFORE:  FORD ELLIOTT, P.J.E., OLSON and STRASSBURGER,* JJ.

MEMORANDUM BY OLSON, J.:                                **FILED JULY 30, 2014**

Appellant, Juan Miguel Serrano-Torres, appeals from the judgment of sentence entered on August 7, 2013.  We affirm.

The factual and procedural history of this case is as follows.  On April 12, 2012, Appellant and Josue Figueroa ("Figueroa") were loitering in a courtyard.  A vehicle occupied by the victim and another individual soon pulled up near the courtyard.  The victim and Figueroa then engaged in a drug transaction.  While the victim was walking away, Appellant shot him in the back.  Figueroa then searched the victim's pockets and removed items therefrom.

Eventually, Figueroa was arrested for suspicion of committing the above described crime.  During questioning by police, Figueroa implicated several individuals who turned out to not be involved.  Eventually, Figueroa

---

* Retired Senior Judge Assigned to the Superior Court.

implicated Appellant as the triggerman. Appellant was arrested on April 19, 2012 at approximately 7:15 a.m. Appellant initially invoked his right to counsel and officers ceased their interviews; however, at approximately 6:45 p.m. that same day, he waived his right to counsel. Police then played Figueroa's recorded statement to Appellant. After hearing a portion of Figueroa's statement, Appellant confessed to killing the victim.

On July 31, 2012, Appellant was charged via criminal information with criminal homicide,[1] robbery,[2] criminal conspiracy,[3] and carrying a firearm without a license.[4] On July 23, 2013, Appellant filed an omnibus pre-trial motion which included a motion to suppress the statement he gave to police. On August 5, 2013, a suppression hearing was held at the conclusion of which the trial court denied Appellant's motion to suppress. On August 7, 2013, a jury found Appellant guilty of second-degree murder,[5] robbery, criminal conspiracy, and carrying a firearm without a license. The trial court

---

[1] 18 Pa.C.S.A. § 2501.

[2] 18 Pa.C.S.A. § 3701.

[3] 18 Pa.C.S.A. § 903.

[4] 18 Pa.C.S.A. § 6106.

[5] 18 Pa.C.S.A. § 2502(b).

sentenced Appellant to an aggregate term of life imprisonment without the possibility of parole. This timely appeal followed.[6]

Appellant raises two issues for our review:

1. Whether the trial court erred when it denied Appellant's pre[-] trial motion to suppress his statements?

2. Whether the evidence presented was insufficient as a matter of law to enable t[he] jury to convict Appellant of the charges in the above captioned case?

Appellant's Brief at 6.

In his first issue, Appellant contends that the trial court erred by denying his motion to suppress his statement given to police. He argues that "the duration and circumstances of Appellant's detention prior to his confession rendered his subsequent waiver of **Miranda** rights invalid and his confession involuntary." Appellant's Brief at 17.

"In addressing a challenge to a trial court's denial of a suppression motion, we are limited to determining whether the factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct." **Commonwealth v. Scarborough**, 89 A.3d 679, 683

---

[6] On September 5, 2013, the trial court ordered Appellant to file a concise statement of errors complained of on appeal ("concise statement"). **See** Pa.R.A.P. 1925(b). On September 10, 2013, Appellant filed his concise statement. On November 4, 2013, the trial court issued its Rule 1925(a) opinion. Both issues raised on appeal were included in Appellant's concise statement.

(Pa. Super. 2014) (citation omitted).[7] "[O]ur scope of review is limited to the factual findings and legal conclusions of the [trial] court." ***In re L.J.***, 79 A.3d 1073, 1080 (Pa. 2013) (citation omitted). "We may consider only the Commonwealth's evidence and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole." ***Commonwealth v. Gary***, 91 A.3d 102, 106 (Pa. 2014) (citation omitted).

Under ***Miranda v. Arizona***, 384 U.S. 436 (1966), a suspect has a right to have an attorney present during custodial interrogation. Prior to any custodial interrogation, the police must inform a suspect of his rights under ***Miranda***, including the right to have an attorney present. "[O]nce a suspect asserts his Fifth Amendment right to counsel, not only must the current interrogation cease, but he may not be approached for further interrogation until counsel has been made available to him, unless he himself initiates further conversation with police." ***Commonwealth v. Keaton***, 45 A.3d 1050, 1067 (Pa. 2012) (citation omitted).

---

[7] We remind the trial court of the mandatory nature of Pennsylvania Rule of Criminal Procedure 581(I), which provides that:

> At the conclusion of the [suppression] hearing, the judge shall enter on the record a statement of findings of fact and conclusions of law as to whether the evidence was obtained in violation of the defendant's rights, or in violation of these rules or any statute, and shall make an order granting or denying the relief sought.

Pa.R.Crim.P. 581(I). A simple statement that the motion to suppress is denied is not sufficient to satisfy the Rule 581(I) requirement.

If a suspect re-initiates a conversation with police and subsequently waives his right to counsel, we then examine whether that waiver was knowing and voluntary. As we have explained:

In determining whether a defendant's waiver of his **Miranda** rights is valid, a trial court must consider: (1) whether the waiver was voluntary, in the sense that the waiver was not the result of governmental pressure; and (2) whether the waiver was knowing and intelligent, in the sense that it was made with full comprehension of both the nature of the right being abandoned and the consequence of that choice. The Commonwealth bears the burden of establishing that a defendant knowingly and voluntarily waived his **Miranda** rights.

**Commonwealth v. Patterson**, 91 A.3d 55, 76 (Pa. 2014) (internal citations omitted).

Our Supreme Court

has set forth the following numerous factors that should be considered under a totality of the circumstances test to determine whether a statement was freely and voluntarily made: the duration and means of interrogation, including whether questioning was repeated, prolonged, or accompanied by physical abuse or threats thereof; the length of the accused's detention prior to the confession; whether the accused was advised of his or her constitutional rights; the attitude exhibited by the police during the interrogation; the accused's physical and psychological state, including whether he or she was injured, ill, drugged, or intoxicated; the conditions attendant to the detention, including whether the accused was deprived of food, drink, sleep, or medical attention; the age, education, and intelligence of the accused; the experience of the accused with law enforcement and the criminal justice system; and any other factors which might serve to drain one's powers of resistance to suggestion and coercion.

**Commonwealth v. Bryant**, 67 A.3d 716, 724 (Pa. 2013) (citation omitted).

Appellant does not argue that police re-initiated the conversation with him. Instead, he argues that the time that elapsed between his arrest and his confession was unreasonably long. Appellant contends that he should have been brought before a judicial officer for arraignment in a more expedient manner. He implicitly contends that if he were arraigned promptly he would not have confessed to the murder. Appellant also alleges that he was ingesting illegal narcotics while in custody and that he had not slept the night before. Thus, he argues that the totality of the circumstances show he did not voluntarily waive his **Miranda** rights.

We will evaluate the **Bryant** factors seriatim. As to the duration and means of interrogation, the total duration of the interrogation prior to Appellant waiving his **Miranda** rights was only a few minutes. **See** N.T. 8/5/13, at 68, 97. The interrogation occurred in a large room. **See id.** at 26. There is no evidence that there was physical violence, or threats thereof. There was also no evidence of other improper interrogation techniques. Thus, the first **Bryant** factor weighs in favor of a finding of voluntariness.

As to the length of Appellant's detention, Appellant was in custody approximately 11.5 hours prior to his confession. Between 1977 and 2004, our Supreme Court adhered to a brightline six-hour rule. **See Commonwealth v. Davenport**, 370 A.2d 301, 306 (Pa. 1977), *overruled* **Commonwealth v. Perez**, 845 A.2d 779, 787 (Pa. 2004). Under that rule,

any statement given to police more than six hours after arrest, and before arraignment, was *per se* inadmissible. **Davenport**, 370 A.2d at 306. However, in **Perez** our Supreme Court determined that the *per se* rule was not appropriate and reverted to a totality of the circumstances test, which we apply in this case. **Perez**, 845 A.3d at 787.

Nonetheless, the six-hour rule still provides a good baseline from which to evaluate the length of a defendant's custody. In this case, the time between Appellant's arrest and his waiver and subsequent confession was almost twice that length – 11.5 hours. Thus, it is obvious that this factor weighs against a finding that Appellant's waiver was voluntary. However, the weight of this factor is not as significant as it may appear.

During the course of Appellant's detention, and prior to his arraignment, the police took steps to corroborate Figueroa's statement that Appellant was the triggerman in the murder. These steps were necessary because Figueroa had implicated several other individuals in the murder prior to implicating Appellant. After brief periods of investigation, police were able to ascertain that those individuals were not involved in the murder. Thus, police had reason to believe that Figueroa was falsely implicating Appellant.

In **Commonwealth v. Perez**, 760 A.2d 873 (Pa. Super. 2000), *affirmed*, 845 A.2d 779 (Pa. 2004), this Court recognized that a police investigation which may exonerate a defendant may cause him to be

detained for longer than six hours without being arraigned. Specifically, we stated that "[n]ecessary delay [between arrest and preliminary arraignment] can reasonably relate to . . . limited preliminary investigation into [a defendant's] connection with the crime for which he was arrested, especially when it is directed to possible exculpation of the one arrested." *Id.* at 875, *quoting* *Adams v. United States*, 399 F.2d 574, 579 (D.C. Cir. 1968) (Burger, J. concurring).

The facts in the case *sub judice* are similar to those in *Commonwealth v. Seilhamer*, 862 A.2d 1263 (Pa. Super. 2004). In *Seilhamer*, approximately seven hours elapsed between the initial contact between the police and the defendant and the defendant's waiver of her *Miranda* rights. The police had sufficient probable cause to arraign the defendant two hours after the initial contact; however, they delayed arraignment because they were seeking other witnesses and evidence. *Id.* at 1269-1270. Under the totality of the circumstances, including three readings of defendant's *Miranda* rights and a delay attributed to further police investigation, we concluded her waiver was voluntary. *Id.* at 1270. Although the time between Appellant's arrest and his waiver was somewhat longer, the rationale employed in *Seilhamer* and *Perez* offers persuasive force. Thus, although we conclude that the second *Bryant* factor weighs against a finding of voluntariness, the weight afforded to that factor is somewhat diminished because of the reason for the delay.

As to whether Appellant was advised of his constitutional rights, the record reflects that Appellant was advised of his **Miranda** rights on several occasions. Immediately prior to his confession, he was read his rights orally and signed a form, which outlined his rights in Spanish. N.T., 8/5/13, at 92, 97. Thus, the third **Bryant** factor weighs in favor of a finding of voluntariness.

As to Appellant's physical and psychological state, the trial court found that Appellant was not under the influence of drugs or alcohol. **See** Trial Court Opinion, 11/4/13, at 20. This finding of fact is supported by the record. The police officer that was interrogating Appellant testified that Appellant did not appear to be under the influence of alcohol or drugs. N.T., 8/5/13, at 132. Although Appellant testified that he was under the influence of drugs and alcohol, the trial court made a credibility determination. **See** Trial Court Opinion, 11/4/13, at 20. We may not overturn this credibility determination with the record before us. Furthermore, there was no evidence that Appellant was injured or ill. Thus, the fourth **Bryant** factor weighs in favor of a finding of voluntariness.

As to the conditions attendant to the detention, Appellant admitted that the police offered him food and coffee during the course of his detention. **See** N.T., 8/5/13, at 172. There is no evidence that the police ever denied Appellant a request for food, drink, medical care, or use of the restroom. Although he may not have slept the night before, Appellant was

given a chance to sleep while in detention. Trial Court Opinion, 11/4/13, at 21. Thus, the fifth *Bryant* factor weighs in favor of a finding of voluntariness.

As to Appellant's age, education, and intelligence, the detective that questioned Appellant testified that he did not have any educational problems or low level of intelligence. N.T., 8/5/13, at 148. Appellant was 33 years old at the time of his waiver. Thus, the sixth *Bryant* factor weighs in favor of a finding of voluntariness.

There was no evidence presented with respect to Appellant's familiarity with the criminal justice system. As such, the seventh *Bryant* factor is neutral. The parties do not contend, nor do we find evidence in the record, that there were non-enumerated factors that the trial court should have considered in determining whether Appellant's waiver was voluntary.

Although one of the seven *Bryant* factors weighs against a finding that Appellant's waiver was voluntary, five factors weigh in favor of a finding that his waiver was voluntary. There is little doubt that the one factor that weighs in favor of Appellant is significant. However, for the reasons set forth above, the time Appellant was in custody is mitigated because the actions taken by the police had the possibility of exonerating Appellant. Furthermore, one of the factors that weighs in favor of the Commonwealth, *i.e.*, how often and by what means Appellant was given his constitutional rights, weighs heavily in favor of a finding that Appellant's waiver was

voluntary. When combined with the other four factors that weigh in favor of the Commonwealth, we conclude that those factors outweigh the length of Appellant's custody prior to his waiver. Accordingly, we conclude that the trial court properly denied Appellant's motion to suppress his confession.

In his second issue, Appellant contends that the evidence was insufficient to convict him of second-degree murder, robbery, and conspiracy. "Whether sufficient evidence exists to support the verdict is a question of law; thus, our standard of review is *de novo* and our scope of review is plenary." **Patterson**, 91 A.3d at 66 (citation omitted). In reviewing a sufficiency of the evidence claim, we must determine "whether viewing all the evidence admitted at trial in the light most favorable to the [Commonwealth], there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt." **Commonwealth v. Kearney**, 92 A.3d 51, 64 (Pa. Super. 2014) (citation omitted). "Additionally, the evidence at trial need not preclude every possibility of innocence . . . . [T]he fact-finder is free to believe all, part[,] or none of the evidence." **Commonwealth v. Trinidad**, 90 A.3d 721, 728 (Pa. Super. 2014) (citation omitted).

"A criminal homicide constitutes murder of the second degree when it is committed while defendant was engaged as a principal or an accomplice in the perpetration of a felony." 18 Pa.C.S.A. § 2502(b). In this case, the underlying felony was the robbery. "A person is guilty of robbery if, in the

- 11 -

course of committing a theft, he[ ] inflicts serious bodily injury upon another[.]" 18 Pa.C.S.A. § 3701(a)(1)(i). "A person is guilty of conspiracy with another person or persons to commit a crime if with the intent of promoting or facilitating its commission he[ ] agrees with such other person or persons that they or one or more of them will engage in conduct which constitutes such crime[.]" 18 Pa.C.S.A. § 903(a)(1).

Appellant argues that the Commonwealth did not prove "Appellant intended to steal or knew Figueroa intended to steal the drugs from the victim during the transaction." Appellant's Brief at 25. However, the evidence was overwhelming that Appellant and Figueroa planned the robbery well in advance. Veronica Ortiz testified that, on the day of the murder, she heard Appellant and Figueroa "saying they were go[ing to] rob somebody. They needed some money." N.T., 8/6/13, at 83. After the murder, Appellant admitted to several individuals that he had robbed the victim. **See id.** at 103 (statement to Wanda Baez-Lugo); **id.** at 136 (statement to Jacqueline Arroyo); **id.** at 149 (statement to Elizabeth Lopez). If the jury believed this evidence, it could reasonably find that Appellant possessed the requisite intent for robbery, and thus also second-degree murder and conspiracy. Accordingly, viewed in the light most favorable to the Commonwealth, the evidence was sufficient to support the jury's verdict.

Judgment of sentence affirmed.

J-A14024-14

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/30/2014