**COMMONWEALTH OF Pennsylvania, Appellee,**

v.

**Tung MA, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 2, 1998.

Filed Dec. 7, 1998.

---

George H. Newman, Philadelphia, for appellant.

Karen A. Brancheau, Asst. Dist. Atty., Philadelphia, for Com., appellee.

Before DEL SOLE, SCHILLER and BECK, JJ.

BECK, J.:

At trial the redacted statement of a co-defendant was introduced into evidence against the co-defendant. Appellant claims that the admission of the co-defendant's statement violated his sixth amendment right to confront his accusers and that the trial court erred when it refused to sever his case from his co-defendant's. In this case we further explicate the standard set forth in *Commonwealth v. McGlone*, 716 A.2d 1280 (Pa.Super.1998), for admissibility of such statements.

Appellant was convicted of robbery, aggravated assault and related offenses. He alleges error with respect to the trial court's refusal to sever his case from that of his co-defendant's. He also asserts that the assistant district attorney committed prosecutorial misconduct and that the trial judge abused his discretion at sentencing. We affirm.

Appellant stood trial with another man, Stanley Deans, in connection with the robbery of a Philadelphia neighborhood store. Evidence presented by the Commonwealth established that appellant, Deans and another man entered the store and proceeded to beat, bind and threaten the owner and his two children. Appellant brandished a gun throughout the attack. A fourth man waited in a getaway car. The bandits made off with several thousand dollars in cash, as well as food stamps and jewelry.

On the basis of fingerprint evidence, Deans was the first to be arrested. In a statement to police, he admitted involvement. He gave the names of two of his conspirators but did not know appellant's name.

The storeowner's daughter identified appellant from a photographic array and also in a line-up. While her father was unable to make a photo identification, he too chose appellant in a line-up, telling police that he was 80% certain that appellant was one of the men who robbed him. At trial, both witnesses positively identified appellant.

Appellant's first claim is that the trial court erred in refusing to sever his case from

Deans's. Appellant makes what is commonly referred to as a *Bruton* claim.[1] He argues that the admission of Deans's statement resulted in an accusation against him. The essence of his claim is that Deans's constitutional right to refrain from testifying, and appellant's constitutional right to confront his accusers, clashed and could be remedied only by severing the two cases.

█ Recently, the *Bruton* rule has undergone significant changes due primarily to the United States Supreme Court's decision in *Gray v. Maryland*, 523 U.S. 185, 118 S.Ct. 1151, 140 L.Ed.2d 294 (1998). The rule currently requires that a new trial be granted where the statement of co-defendant, either on its face or as a result of redaction, powerfully incriminates the other co-defendant by obviously drawing attention to that person. *Commonwealth v. McGlone*, 716 A.2d 1280 (Pa.Super. 1998) (interpreting *Gray* ). The *Gray* court held that use of the term "deleted" in lieu of the named co-defendant constituted an "obvious alteration" that was directly accusatory to the appellant in that case. *Gray, supra* at ——, 118 S.Ct. 1151. In *McGlone*, this court held that use of the term "other guy" did not constitute the type of powerful incrimination necessary for reversal. *McGlone, supra*, 716 A.2d at 1283.

In this case, co-defendant Deans's statement did not mention appellant by name nor did the Commonwealth redact the statement in an obvious way.[2] A detective read the statement in open court. The statement included interchanges between the detective and Deans. The detective pointed out to Deans that he had viewed over fifty pages of photographs of Asian males aged twenty to thirty, and then asked Deans why he thought that he and another conspirator had not identified the remaining conspirator. Deans replied: "I don't know. Maybe he's younger but Sam [the getaway driver] knows who he is." In her closing remarks, the assistant

district attorney read this excerpt, and then immediately stated: "Well, there's your younger person sitting right there."

Our task is to decide whether the reference to a young Asian male is enough to invoke *Bruton* rule protection. Upon review of the record, we conclude that the statement as read to the jury, coupled with the reference made by the prosecutor, constitutes the type of *Bruton* violation that the *Gray* Court proscribed.

The majority in *Gray* recognized that *Bruton* does not apply only to statements that explicitly name the other co-defendant. Instead, protection is afforded where the statement promptly *identifies* the defendant in any manner. The *Gray* Court cautioned that the failure to redact a description, even where a name has been redacted or was not present in the first place, triggers *Bruton* :

> This Court has assumed ... that nicknames and specific descriptions fall inside, not outside, *Bruton's* protection. *See Harrington v. California*, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969) (assuming *Bruton* violation where confessions describe codefendant as the "white guy" and gives a description of his age, height, weight, and hair color).

*Gray, supra* at ——, 118 S.Ct. 1151.

The crux of *Gray* is a proscription against the use of clear "identifiers" in the statement of a non-testifying co-defendant. Whether the clear identifier is an obvious deletion or alteration of the text, or whether it is a detailed description of age, race, etc., the rule in *Bruton* applies.

█ Here, the lawyer for the Commonwealth explicitly guided the jurors to make a connection between appellant and the individual referred to in the co-defendant's statement.[3] Indeed, even prior to *Gray*, the nexus created by the prosecutor in this case would have been deemed improper. The

---

**1.** *Bruton v. United States*, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968).

**2.** Indeed, the statement was not redacted at all. Redaction was unnecessary, explains the Commonwealth, because Deans never named appellant.

**3.** The prosecutor's statement was similar to the one made in *Gray*. The *Gray* prosecutor followed the reading of the co-defendant's statement with this question to the testifying officer: "[A]fter he [the declarant/co-defendant] gave you that information, you subsequently were able to arrest Mr. Kevin Gray [the appellant]; is that correct?" The officer responded in the affirmative.

*Bruton* rule prevents a jury from using the non-testifying co-defendant's words against the other co-defendant. In such cases, the trial judge instructs the jury that it may use the statement against its maker only. Upon review of the facts in this case, we find a clear violation of *Bruton* and *Gray*.[4]

█ Finding a *Bruton* violation does not alone mandate a new trial. A harmless error analysis still must be employed to resolve the matter. *Commonwealth v. McGlone, supra* (relying on *Commonwealth v. Wharton*, 530 Pa. 127, 607 A.2d 710; *Cruz v. New York*, 481 U.S. 186, 107 S.Ct. 1714, 95 L.Ed.2d 162 (1987)). In this case, appellant was identified by two of the three victims of the crime.[5] The store owner testified that a young Asian man, about eighteen or twenty years old, entered the store and at gunpoint forced him upstairs to his living quarters where he beat and robbed him. The store owner's daughter testified that she observed the young Asian man playing a video game inside the store for about five minutes before he approached her, placed a gun to her head and threatened to kill her. Both father and daughter were thereafter bound and gagged by the robbers.

█ Considering the entire record at trial, we find that the *Bruton* error here was harmless. Two eyewitness victims, both of whom had ample opportunity to view appellant, named him as one of the robbers.[6] Any error in the use of the term young Asian male in the co-defendant's statement did not affect the verdict in this case and so appellant is not entitled to relief.

We likewise find that appellant is not entitled to relief on his remaining claims. Our review of the transcript leads us to conclude that except for her remark identifying the appellant as the young male in Deans's state-

ment, the prosecutor's closing was proper under the law and her remarks were made in fair response to those of defense counsel. The sentencing transcript also belies appellant's claims. Therein the court followed the law and adequately expressed the reasons for the sentence he imposed.

Judgment of sentence affirmed.

---

4. In its brief, the Commonwealth argues that because Deans never identified appellant by name, *no redaction was necessary*. We strongly disagree. The parties should have redacted the final lines of Deans's statement, wherein he and the detective discussed the fact that they had reviewed multiple pages of young Asian males' photographs. Had such a redaction been made, the assistant district attorney would not have had the opportunity to make the improper statement she made in closing.

5. The third victim, the storeowner's son, was away at college and did not testify.

6. In an effort to argue that the eyewitness identifications were not reliable, appellant states that the witnesses did not initially describe appellant as having acne. However, the record reveals that prior to identifying appellant in the line-up, *the storeowner described his assailant as having* "bumps" on his face.