**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**James PAYNE, Appellant.**

Superior Court of Pennsylvania.

Argued April 26, 2000.

Filed Sept. 22, 2000.

---

Peter J. Lesh, Philadelphia, for appellant.

Catherine L. Marshall, Asst. Dist. Atty., Philadelphia, for Com., appellee.

BEFORE: DEL SOLE, POPOVICH and OLSZEWSKI, JJ.

DEL SOLE, J.:

¶ 1 This is a direct appeal from the judgment of sentence imposed after a jury found Appellant guilty of robbery, aggravated assault, criminal conspiracy and receiving stolen property. Appellant raises a number of issues in this appeal. He asserts that the court erred in admitting a statement he made more than six hours after his arrest. He challenges the court's denial of a severance motion and the admission of a redacted statement made by his co-defendant. He also asserts that the court erred in failing to redact references to an uncharged crime and in permitting the admission of Appellant's court subpoenas. Finding no merit to these claims, we affirm.

¶ 2 Appellant along with two other individuals stole a vehicle and drove around, intent on robbing someone. Appellant's cohort, Kevin Williams, left the vehicle and approached two couples who were walking along the street. Williams pointed a gun at the victims, ordering them to give him "everything" or they would be killed. An off-duty police officer was nearby, observed the crime, drew his gun and identified himself as a police officer. Williams shot at the officer and the officer returned fire. Williams attempted to return to the vehicle driven by Appellant, but Appellant drove off. Williams continued to shoot at the officer, but was arrested after being shot. Appellant and co-defendant, Unique Coates, were arrested a few days later pursuant to an arrest warrant.

¶ 3 Appellant initially asserts the trial court erred in allowing the admission of statements he made in excess of six hours after his arrest. Appellant claims that under the dictates of *Commonwealth v. Davenport*, 471 Pa. 278, 370 A.2d 301 (1977), and *Commonwealth v. Duncan*, 514 Pa. 395, 525 A.2d 1177 (1987), the statement is not admissible. In *Davenport*, our Supreme Court held that a declaration obtained after arrest is not admissible at trial unless the accused is arraigned within six hours of his arrest. This rule was modified in *Duncan* where the accused made his statements shortly after being arrested, but he was not arraigned until eight hours after the arrest. The *Duncan* court stated: "statements not obtained through illegality within the six hour period are not in violation of the rights of the accused and are admissible." *Duncan*, 525 A.2d at 1183. *See also Commonwealth v. Bridges*, —— Pa. ——, 757 A.2d 859, 2000 Pa. Lexis 2046 (2000).

¶ 4 Critical to resolution of Appellant's claim is an examination of the circumstances surrounding Appellant's arrest, interrogation and the making of his statement. Arrest warrants were issued for Appellant and his co-defendant, Coates, and were executed by the police at the

home of Appellant's mother. Appellant was discovered in an upstairs bedroom and Coates was located in the living room. Both men were arrested at approximately [1] 4:30 a.m. Within two hours after his arrest, Appellant made a statement to the police indicating that he was with Williams and Coates and a man named "John" when the car was stolen. He stated that Williams got out of the car to rob someone and, knowing this was his intent, the occupants of the car waited and watched him accost the victims. He claimed John drove off when gunshots erupted.

¶ 5 Coates gave a substantially similar statement to police at about 9:30 a.m., which was typed and then signed at 10:02 a.m. However this statement made no reference to any individual named "John." The detectives then advised Appellant of the differences in the statements. Appellant responded by stating to the detectives that he wished to "tell you the truth." N.T., 10/15/98 at 25. Appellant was given his *Miranda* warnings at 10:40 a.m. and made a statement at approximately 11:00 a.m. indicating that he was the driver of the car. This statement concluded at about 1:00 p.m., and was signed at 1:42 p.m. *Id.* at 61.

¶ 6 Appellant claims that the six-hour period expired at 10:30 a.m., thus this "second" statement is inadmissible. He asserts the statement, obtained as a result of this "fresh" interrogation occurring in excess of six hours after his arrest, must be suppressed even if voluntary to protect against the inherently coercive nature of prolonged custodial interrogation.

¶ 7 The *Davenport–Duncan* six-hour "rule was adopted not simply to

guard against the coercive influence of custodial interrogation, but to ensure that the rights to which an accused is entitled at preliminary arraignment are afforded without unnecessary delay." *Davenport*, 370 A.2d at 305. This court in *Commonwealth v. Odrick*, 410 Pa.Super. 245, 599 A.2d 974 (1991) found a statement initiated within the six-hour time limit, which extended beyond the six hours did not violate the court the purpose of the six-hour rule. *Odrick* cited to language in *Duncan* which stated:

> This Court never intended that the rule of *Davenport* be rigidly applied in all situations without regard to the purpose of the rule and the evils sought to be avoided by its application.
>
> . . .
>
> The rule must accommodate conflicting interests and we must make every effort to protect the rights of the accused on one hand, and avoid the mechanical application of the rule in a manner that works to exclude probative, reliable evidence despite the absence of police abuse.

*Odrick*, 599 A.2d at 976, citing *Duncan*, 525 A.2d at 1182–83.

¶ 8 The *Odrick* court was considering the admissibility of a statement which began before the six hours had elapsed, but ran about 50 minutes over the six-hour limit. The court noted that there was also an initial confession obtained shortly after arrest. The court further noted that a delay in obtaining the statement in question was directly attributed to the necessity of identifying the relations of Appellant and the victims and corroborating details from the crime scene. The court noted

---

1. We note the Commonwealth states the time of arrest as 4:50 a.m. Commonwealth Brief at 3. In doing so the Commonwealth relies on the testimony of the officers, which the trial court apparently disbelieved since it made a finding of fact that the arrest occurred at 4:30 a.m. N.T. 10/19/98, Vol. 2 at 18. The Commonwealth contends we must accept the testimony of the officers because we must view the evidence in the light most favorable to the verdict winner. In doing so the Commonwealth ignores our standard of review which requires us to accept a court's finding of fact provided there is evidence to support it. *Commonwealth v. Clark*, 746 A.2d 1128 (Pa.Super.2000). There is evidence in this record to support the court's finding and the Commonwealth is incorrect in urging us to accept its version rather than those facts as found by the trial court.

that the statement at issue was a "mere elaboration" of his initial confession. *Odrick*, 599 A.2d at 977. This court held: "absent facts pointing to an unnecessary delay due to police misconduct, voluntary statements given by a defendant and initiated within six hours after arrest may not be suppressed just because the process of obtaining the statement runs over six hours. It is unnecessary and mechanistic to apply *Duncan–Davenport* in such a fashion." *Id.; See also Commonwealth v. Devine*, 750 A.2d 899 (Pa.Super.2000).

¶ 9 We likewise find the purpose of the rule and the protections it seeks to offer are met with the admission of Appellant's statement. Shortly after his arrest Appellant gave a statement to police admitting his involvement in the criminal episode. Before the six-hour period expired, the police obtained a statement from Appellant's co-defendant which differed in some respects from Appellant's own statement. The police then advised Appellant of the differences and Appellant voluntarily chose to change and expand upon his earlier statement. The fact that the Appellant signed his waiver of *Miranda* form ten minutes after the six-hour period expired and then gave the revised statement should not hamper the Commonwealth's ability to use this statement in the absence of police abuse. This is not a case involving an extensive interrogation conducted with the purpose of wearing down the accused. Rather we are presented with a unique set of circumstances in which Appellant voluntarily sought to clarify and elaborate on a statement he made well within the six-hour period following his arrest. We see no purpose in a mechanical interpretation of the *Davenport–Duncan* rule in this situation. We are confident that the principles of the rule as set forth in *Duncan* have not been compromised in this case and there is no reason to disturb the trial court's ruling.

▮ ¶ 10 Appellant next asserts that the trial court abused its discretion in denying his motion for severance of his trial from that of co-defendant Coates. The decision on whether to grant a motion for severance rests within the sound discretion of the trial court and will not be disturbed absent a manifest abuse of discretion. *Commonwealth v. Chester*, 526 Pa. 578, 587 A.2d 1367 (1991). Where defendants are charged with conspiracy, there is a strong preference for joint rather than separate trials. *Id.* Separate trials of co-defendants should be granted "only where the defenses of each are antagonistic to the point where such individual differences are irreconcilable and a joint trial would result in prejudice." *Commonwealth v. Lambert*, 529 Pa. 320, 603 A.2d 568 (1992). The fact that hostility exists between the defendants or that one defendant may try to save himself at the expense of the other constitutes insufficient grounds to require severance. *Commonwealth v. Marinelli*, 547 Pa. 294, 690 A.2d 203, 213 (1997).

¶ 11 In this case both defendants were charged with conspiracy relating to their involvement in the car theft and robbery. Both defendants also defended by claiming their statements were not made voluntarily. Although Appellant's co-defendant made an alternate argument that the statement, if considered, did not prove his involvement because he was "high" and "noddin out," N.T., 1/6/99, at 70, this is not the type of antagonistic defense which warrants separate trials.

▮ ¶ 12 Appellant next claims that the admission of his co-defendant's redacted statement, coupled with Appellant's statement, incriminated him by drawing the jury's attention to the role he played in the incident. Appellant does not contend the form of redaction was improper or that it was so incriminating as to require a new trial; rather, he asserts the interlocking nature of his statement with that of the codefendant's statement served to identify him as the driver.

¶ 13 In *Commonwealth v. McGlone*, 716 A.2d 1280 (Pa.Super. 1998), the appellant argued that the non-testifying co-defen-

dant's statement was inadmissible because the statement, coupled with other evidence properly admitted at trial, inferred that appellant participated in the crime. The court disagreed and held that a redacted statement is only inadmissible where the statement of the co-defendant *itself* gives rise to the immediate inference that appellant was a participant. *Id.* at 1286. The court further held: "For those same reasons, appellant is not entitled to relief simply because his own confession and [the co-defendant's] were interlocking, *i.e.,* similar in their account of events. The existence of independent evidence 'requiring linkage' is not a valid basis for precluding a statement's admission." *Id.* at 1287, n.8, citing *Gray v. Maryland,* 523 U.S. 185, 118 S.Ct. 1151, 140 L.Ed.2d 294 (1998). Thus, the fact that the two statements read together are similar, adding support for their validity, does not render the co-defendant's statement constitutionally inadmissible.

¶ 14 Further, Appellant's reference to *Commonwealth v. Ma,* 721 A.2d 1108 (Pa.Super.1998), is misplaced. In *Ma,* the prosecutor drew attention to the connection between the defendant and the person referred to in the codefendant's statement as a young Asian male, by stating: "[w]ell, there's your younger person sitting right there." *Id.* at 1110. Here there is no claim of prosecutorial misconduct in linking the co-defendant's statement directly to Appellant. The co-defendant's statement was redacted in a neutral fashion and did not serve to powerfully incriminate Appellant by obviously drawing attention to him. *Id.* citing *Commonwealth v. McGlone,* 716 A.2d 1280 (Pa.Super.1998).

¶ 15 Appellant's fourth issue concerns the court's "failure to redact a confession to an uncharged crime, where no corpus was adduced, violat[ing] the *corpus delicti* rule." Appellant's brief at 25. However, since this claim was not included in the 1925(b) Statement of Matters Complained Of On Appeal filed by Appellant, and was not addressed by the trial court in its Opinion, it is waived. *Commonwealth v. Lord,* 553 Pa. 415, 719 A.2d 306 (1998).

¶ 16 In Appellant's final claim he asserts the court abused its discretion in admitting into evidence subpoenas signed by him which were not properly authenticated and that trial counsel was ineffective for failing to object to their admission. Since a timely objection was not made to the admission of these subpoenas, Appellant's claim is waived absent an analysis of ineffective assistance of counsel. For Appellant to succeed on an ineffectiveness claim he must first show the claim has arguable merit and that counsel's action had no reasonable basis aimed at promoting his client's interests. *Commonwealth v. Evans,* 489 Pa. 85, 413 A.2d 1025 (1980). Further, there must be a showing that counsel's ineffectiveness prejudiced Appellant's case. *Commonwealth v. Pierce,* 515 Pa. 153, 527 A.2d 973 (1987). The burden of producing the requisite proof lies with Appellant. *Commonwealth v. Hentosh,* 520 Pa. 325, 554 A.2d 20 (1989).

¶ 17 Although Appellant suggests that the introduction of the subpoenas to the jury permitted them to compare the signature on these documents against the signature appearing on the *Miranda* forms preceding his statement, Appellant offers nothing to suggest that these forms could not be authenticated. Appellant makes no offer of proof which would show that the handwriting on the separate documents differed or that these "purported signatures" were not his. Absent a showing that the documents could not be authenticated, we see no prejudice in counsel's failure to seek their authentication. Accordingly, we find no ineffectiveness of counsel and Appellant's claim fails.

¶ 18 Judgment of sentence affirmed.

¶ 19 Judge OLSZEWSKI concurs in the result.