444 A.2d 1287

**COMMONWEALTH of Pennsylvania**

**v.**

**Joseph WISE, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 16, 1981.

Filed April 30, 1982.

486

Francis J. Moran, Philadelphia, for appellant.

Sarah Vandenbraak, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before CERCONE, P. J., and McEWEN and HOFFMAN, JJ.

CERCONE, President Judge:

Appellant, Joseph Wise, takes this appeal from his conviction for robbery and related offenses. Appellant challenges his conviction on several grounds. We have found all of appellant's arguments to lack merit and we affirm.

At approximately 9:30 a. m. on June 11, 1979, the Philadelphia Savings Fund Society Bank at Ridge Avenue and Green Lane was robbed by two armed men. While the robbery was in progress, a call went out over the police radio that a silent alarm had been sounded at the bank. Officer Thomas Schoen, who was then in his patrol car two blocks away from the bank, proceeded to the scene. Upon the

officer's arrival at the bank, Officers Schoen spoke with a man standing at the corner bus stop who said that he saw two black males run from the bank and drive off wards the east on Queen Lane towards Henry Avenue in a rust-colored automobile. Officer Schoen broadcast this information over his police radio before going inside the bank to interview the bank manager.

After speaking to the manager for about ten minutes, Officer Schoen broadcast a description of the two felons. The first was described as a negro male, medium brown complexion, approximately aged twenty-six, five feet eight inches tall and weighing 140 pounds. This individual also had black "bush-styled" hair and a small handlebar mustache. He was wearing a dark wool cap and a "print-type" shirt, with dark colored slacks. The second robber was described as a negro male with a dark complexion, approximately twenty-four years old, standing five feet seven inches tall and weighing one hundred and sixty pounds. He had close-cropped hair and heavy acne on his face, and was wearing a light colored jacket. The pair escaped in what was described as a rust colored auto with a white roof, possibly a Ford, driving east on Queen Lane toward Henry Avenue.

When this description was broadcast, Officer Joseph Sciarra was in the vicinity of Queen Lane and Henry Avenue. Officer Sciarra was proceeding along Queen Lane towards the aforementioned intersection when he spotted a rust and beige auto turn recklessly onto Queen Lane. Because it was raining heavily, the officer could not see the passengers in this vehicle. Said car was weaving in and out of traffic. Officer Sciarra was about a half a block away from the car when he observed this and he gave chase. The suspects' car then turned at an intersection and Officer Sciarra temporarily lost sight of the vehicle. After making the turn, the officer saw the vehicle stopped and without a driver or passenger, with the door to the driver's side open. One male was standing in front of the vehicle while appellant, carrying a tan jacket, was running down the street. Officer

Sciarra remained in the patrol car and pursued appellant and in the course of pursuit he noticed appellant discard a dark object. The officer pulled next to appellant, ordered him to halt and appellant complied. Officer Sciarra arrested appellant and retrieved the dark object which appellant discarded. The object proved to be a .32 caliber Rohn-Southern pistol with six live rounds.

Appellant first argues that there was no probable cause for his arrest. Probable cause exists where there are facts and circumstances within the arresting officer's knowledge and of which he had reasonably trustworthy information sufficient in themselves to warrant a man of reasonable caution to believe that the suspect had committed a crime. *Commonwealth v. Stokes,* 480 Pa. 38, 389 A.2d 74 (1978); *Commonwealth v. Bynum,* 265 Pa.Superior Ct. 13, 401 A.2d 776 (1979). Clearly the circumstances described above warranted immediate police action and supported probable cause for appellant's arrest.

Appellant alleges that his statements to the police should have been suppressed because appellant did not knowingly and intelligently waive his right to have an attorney present. The basis of this assertion is that appellant told the police officer that he would talk to him but that appellant wouldn't sign anything. After a suppression hearing, the court found that the police had unequivocally advised appellant that he could remain silent and that anything he said could be used against him. Appellant responded that he understood his rights and that he wished to make a statement. As the lower court concluded:

"In the absence of any indication of confusion on [appellant's] part, or any suggestion that his unwillingness to make a statement was a sudden change of mind, a conclusion that his unwillingness to sign anything reflected ignorance of the consequences of an oral statement, with nothing more, would be purely speculative. *Commonwealth v. Williams,* [242 Pa.Superior Ct. 388, 363 A.2d 1326 (1976) ]".

We find no reason to reverse the lower court's conclusion on this point.[1]

■ Appellant complains that the trial court erred in permitting the jury during the prosecution's closing address to look at photographs taken during the robbery, which photographs had previously been introduced into evidence. Since these photographs had been introduced as evidence, they were available for the jury's inspection. *Commonwealth v. Burton*, 459 Pa. 550, 330 A.2d 833 (1975). Furthermore, it has been held that the prosecutor must have reasonable latitude in fairly presenting his case to the jury and the trial judge must have reasonable discretion in deciding whether the bounds of propriety have been exceeded. *Commonwealth v. Starks*, 479 Pa. 51, 387 A.2d 829 (1978).

■ Although the issue now at bar has not been specifically addressed by the Pennsylvania Courts, courts in other jurisdictions have had occasion to decide the issue. In the factually similar case of *People v. Eckles*, 83 Ill.App.3d 292, 38 Ill.Dec. 934, 404 N.E.2d 358 (1980), it was held that in a murder prosecution wherein photographs of the victim had been properly admitted into evidence, the prosecution's exhibiting of such photographs to the jury during closing argument did nothing more than exemplify the evil effects of crime and did not prejudice defendant. In *State v. Atkins*, 360 So.2d 1341 (La.1978), the court held in a prosecution for theft that the trial court did not err in permitting the prosecutor during closing to distribute to the jurors copies of documents which already had been introduced into evidence and examined by the jurors previously. The gener-

1. Appellant also contends that he was not arraigned within six hours of his arrest, as required by *Commonwealth v. Davenport*, 471 Pa. 278, 370 A.2d 301 (1977). Appellant says that his arrest was sometime between 9:15 and 9:40 a. m. Appellant argues that the court should consider appellant's arrest time to be somewhere between the above times and around 9:27 or 9:25 a. m. Appellant's arraignment was at 3:30 p. m. As the trial court noted in its opinion, only one witness, a bank teller, said that the robbery occurred at 9:15 a. m. However, all other witnesses testified that the robbery occurred at 9:30 a. m. or later with the subsequent arrest of appellant between 9:40 and 9:45 a. m. This is a factual question which was resolved against appellant by the lower court. We find no reason to reverse.

al rule of these cases, as stated in *State v. Pepples*, 250 N.W.2d 390 (Iowa 1977), is that counsel may reasonably display exhibits which are in evidence and may use such exhibits demonstratively as long as the demonstration is for illustration purposes and does not constitute the creation of new evidence. We find in appellant's case that the trial court did not err in allowing the prosecutor to use the photographs during closing. These photographs were already introduced as evidence and therefore they did not constitute new evidence. The purpose of distributing these photographs at closing was to illustrate the prosecutor's arguments regarding identification. We therefore find appellant's argument to lack merit.

■ Appellant contends the court erred when it did not charge the jury that the testimony of a police officer is not deserving of any greater or lesser weight simply because he is a police officer. The court refused to give this charge because the court had already charged the jury generally and at some length on the issue of credibility.

In part, the court charged the jurors:

Moving to another subject I want to discuss with you the credibility or believability of witnesses. How do you know who is telling the truth? How do you know who is not telling the truth? This is your function and your function alone. When I say "witnesses" I mean all of the witnesses.

.        .        .        .        .

Ask yourself does the witness have an interest in testifying as the witness did? Was there something to be gained or something to be lost by the witness testifying as the witness did?

After the charge was complete, defense counsel came forward with his request. Counsel, however, did not then, nor does he now, cite any authority for his requested charge.

Having found that the court adequately covered the issue of credibility, we find no error in the court's ruling.[2]

Lastly, appellant argues that the court erred when it refused to charge the jury on the lower grades of robbery. The court had charged the jury under two subsections of the chapter on robbery, specifically sections 18 Pa.C.S. §§ 3701(a)(1)(ii) and (iv). These sections read:

(a) Offense defined—

(1) A person is guilty of robbery if, in the course of committing a theft, he:

. . . . .

(ii) threatens another with or intentionally puts him in fear of immediate serious bodily injury;

. . . . .

(iv) inflicts bodily injury upon another or threatens another with or intentionally puts him in fear of immediate bodily injury; . . . .

Robbery under these sections is a felony of the first and second degree respectively.

Appellant had asked that the court also charge the jury according to 18 Pa.C.S. § 3701(a)(1)(v), which defines robbery as:

(1) A person is guilty of robbery if, in the course of committing a theft, he:

. . . . .

(v) physically takes or removes property from the person of another by force however slight.

Robbery under this section is a felony of the third degree. The court refused to charge under section (v), saying that

2. The court also stated as support for its ruling the fact that the subject of the credibility of police officers was covered in voir dire. This rationale fails because questions asked in voir dire are not a substitute for a correct charge to the jury. However, there is other support for the court's ruling, and we affirm in any event. This court may, of course, affirm if any grounds for affirmance exists. *Commonwealth v. Hines*, 461 Pa. 271, 273 n.3, 336 A.2d 280, 282 n. 3 (1975); *Commonwealth v. Dancer*, 460 Pa. 95, 101 n. 5, 331 A.2d 435, 438 n. 5 (1975).

such a charge would have been inappropriate under the facts. The court is correct on this point. It is a well-settled rule of law that an offense can be considered a lesser included offense of a charge if each and every element of the lesser offense is necessarily an element of the greater. *Commonwealth v. Sirianni*, 286 Pa.Superior Ct. 176, 428 A.2d 629 (1981), *Commonwealth v. Farmer*, 244 Pa.Superior Ct. 334, 368 A.2d 748 (1976); *Commonwealth v. Wilds*, 240 Pa.Superior Ct. 278, 362 A.2d 273 (1976). Accordingly, under this test, this Court has held that subsection (v) robbery is not a lesser included offense of subsection (ii) because an essential element of subsection (v) is the taking of property by force, which is an element not contained in subsection (ii). *Commonwealth v. Ostolaza*, 267 Pa.Superior Ct. 451, 406 A.2d 1128 (1979). The same can be said to be true of subsection (iv) vis-a-vis subsection (v).[3]

Affirmed.

**3.** Appellant also contends that the court's charge to the jury was defective in that the court described a reasonable doubt as "a doubt [which] would cause a reasonable person to hesitate and restrain from acting in a matter of importance in his own or her own life." Appellant argues that the use of the word "restrain" was improper and that only the word "hesitate" should have been used. This issue clearly is without merit as this argument has been rejected in a number of cases. *See e.g. Commonwealth v. Brown*, 470 Pa. 274, 288, 368 A.2d 626, 634 (1977).