J-S79038-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| LUIS ALONZO VILLATORO, | : | |
| | : | |
| Appellant | : | No. 1619 EDA 2014 |

Appeal from the PCRA Order Entered May 22, 2014,
in the Court of Common Pleas of Lehigh County,
Criminal Division, at No(s): CP-39-CR-0002514-2009

BEFORE:    ALLEN, OLSON, and STRASSBURGER, JJ.*

MEMORANDUM BY STRASSBURGER, J.:          **FILED FEBRUARY 19, 2015**

Luis Alonzo Villatoro (Appellant) appeals from the May 22, 2014 order which "denied and dismissed" his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

On April 26, 2010, a jury convicted Appellant of one count of criminal homicide – murder in the third degree, and four counts of recklessly endangering another person (REAP).  These charges stemmed from the shooting death of Angel Ramos Rodriguez.[1]  On June 18, 2010, Appellant was sentenced to an aggregate term of 24 to 48 years' incarceration.  After filing a post-sentence motion on June 28, 2010, Appellant filed amended post-sentence motions on October 19, 2010, which were denied on October

---

[1] A panel of this Court previously set forth the factual history underlying Appellant's convictions in **Commonwealth v. Villatoro,** 34 A.3d 214 (Pa. Super. 2011) (unpublished memorandum).

*Retired Senior Judge assigned to the Superior Court.

21, 2010.  On November 5, 2010, Appellant appealed to this Court, which affirmed Appellant's judgment of sentence on September 1, 2011. ***Commonwealth v. Villatoro***, 34 A.3d 214 (Pa. Super. 2011) (unpublished memorandum).  Appellant did not file a petition for allowance of appeal to our Supreme Court.  On September 17, 2012, Appellant, through counsel, timely filed the instant PCRA petition.[2]  Following two hearings, the PCRA court "denied and dismissed" the petition on May 22, 2014.  Thereafter, Appellant timely filed this appeal.[3]

Appellant raises one issue for our review:  "[w]hether the PCRA court erred in finding that trial counsel was not ineffective for failing to object and move for a mistrial as a result of the Commonwealth's actions and comments during closing[.]"  Appellant's Brief at 2 (unnecessary capitalization omitted).

---

[2] ***See*** 42 Pa.C.S. § 9545(b)(1) (providing that all PCRA petitions must be filed within one year of the date that the petitioner's judgment becomes final, unless an exception applies).  Appellant had until October 2012 to file timely his PCRA petition.  ***See*** 42 Pa.C.S. § 9545(b)(3) (providing that a judgment becomes final at the conclusion of direct review or expiration of time for seeking review); Pa.R.A.P. 1113(a) (providing that "a petition for allowance of appeal shall be filed … within 30 days after the entry of the order of the Superior Court").

[3] The PCRA court did not order Appellant to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b), and none was filed.

We begin by noting that, in reviewing the propriety of an order denying PCRA relief, this Court is limited to determining whether the evidence of record supports the PCRA court's findings, and whether the ruling is free of legal error. ***Commonwealth v. Carr***, 768 A.2d 1164, 1166 (Pa. Super. 2001). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. ***See id.***

In reviewing the PCRA court's denial of Appellant's claims of ineffective assistance of counsel, we bear in mind that counsel is presumed to be effective. ***Commonwealth v. Martin***, 5 A.3d 177, 183 (Pa. 2010). To overcome this presumption, Appellant bears the burden of proving the following: "(1) the underlying substantive claim has arguable merit; (2) counsel whose effectiveness is being challenged did not have a reasonable basis for his or her actions or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's deficient performance." ***Id.*** Appellant's claim will be denied if he fails to meet any one of these three prongs. ***Id.***

In support of his claim, Appellant argues that trial counsel was ineffective for failing to object to and move for a mistrial on the basis that, during her closing statement, the prosecutor improperly (1) made repeated comments and gestures while displaying a firearm, and (2) made multiple comments regarding Appellant's credibility.

> [T]he first prong of the ineffectiveness test is that the underlying claim has merit. In the context of prosecutorial misconduct

during closing arguments, Appellant must demonstrate that there is merit to the contention that trial counsel should have objected or requested a cautionary instruction due to the prosecutor's misconduct. Appellant can only do so if he can show that the prosecutor was, in fact, engaging in misconduct. Otherwise, there is no merit in the contention of trial counsel ineffectiveness.

*Commonwealth v. Chmiel*, 889 A.2d 501, 543 (Pa. 2005) (citation omitted).

"It is well established that a prosecutor is permitted wide latitude to advocate the Commonwealth's case, and may properly employ a degree of rhetorical flair in so doing." *Commonwealth v. Keaton*, 729 A.2d 529, 540 (Pa. 1999).

The prosecutor is allowed to vigorously argue his case so long as his comments are supported by the evidence or constitute legitimate inferences arising from that evidence. In considering a claim of prosecutorial misconduct, our inquiry is centered on whether the defendant was deprived of a fair trial, not deprived of a perfect one. Thus, a prosecutor's remarks do not constitute reversible error unless their unavoidable effect … [was] to prejudice the jury, forming in their minds fixed bias and hostility toward the defendant so that they could not weigh the evidence objectively and render a true verdict. Further, the allegedly improper remarks must be viewed in the context of the closing argument as a whole.

*Commonwealth v. Smith*, 985 A.2d 886, 907 (Pa. 2009) (internal quotation marks omitted) (quoting *Commonwealth v. Washington*, 700 A.2d 400, 407-408 (Pa. 1997)).

Appellant first takes issue with trial counsel's failure to object to or move for a mistrial as a result of the following comments and gestures made

by the prosecutor during her closing argument, which Appellant argues served no purpose other than to inflame the passions, fears, and prejudices of the jury.

Whereupon Attorney Zampogna displays rifle

\*\*\*

This defendant had to fire this rifle at Angel in the window. [Simulating pointing and firing weapon] And then this defendant had to fire this rifle at Angel in the window. [Simulating pointing and firing weapon] And then this defendant had to fire this rifle at Angel in the window. [Simulating pointing and firing weapon] And then this defendant had to fire this rifle at Angel in the window. [Simulating pointing and firing weapon] And then this defendant had to fire this rifle at Angel in the window. [Simulating pointing and firing weapon] And then this defendant had to fire this rifle at Angel in the window. [Simulating pointing and firing weapon] And finally, then, the defendant had to fire this rifle at Angel in the window one more time. [Simulating pointing and firing weapon] Seven times. Seven pulls of that trigger at the kitchen window.

N.T., Closing Arguments-Bethany Zampogna, 4/26/2010, at 18-19.

In support of his claim, Appellant cites **Commonwealth v. Parker**, 882 A.2d 488 (Pa. Super. 2005), wherein a panel of this Court held "that it was error for [a] trial judge to allow the prosecution to use and display [a] gun during its opening statement," as it "served no constructive purpose and … the prejudicial effect of the display clearly outweighed any slight probative value." **Parker**, 882 A.2d at 494. Although the **Parker** Court ultimately concluded that such error was harmless in light of the overwhelming evidence of the appellant's guilt that was presented at trial, **id.** at 494-95,

- 5 -

Appellant argues that the circumstances of this case do not warrant the same conclusion.

This Court has observed that, during closing arguments, "counsel may reasonably display exhibits which are in evidence and may use such exhibits demonstratively as long as the demonstration is for illustration purposes and does not constitute the creation of new evidence." **Commonwealth v. Wise**, 444 A.2d 1287, 1290 (Pa. Super. 1982) (addressing prosecutor's use of photographs during closing); **see also Commonwealth v. Stark**, 526 A.2d 383, 373 (Pa. Super. 1987) (holding that a "prosecutor's use of [a recorded confession, which was received into evidence during trial,] during his closing to illustrate his arguments regarding [the defendant's] intent on the night of the murder was not error"). Moreover, a prosecutor "must be free to present his or her arguments with logical force and vigor," and "prosecutorial misconduct will not be found where comments were based on the evidence or proper inferences therefrom or were only oratorical flair." **Commonwealth v. Charleston**, 94 A.3d 1012, 1024 (Pa. Super. 2014).

Upon review, we agree with the PCRA court that the prosecutor's actions and comments in utilizing the rifle did not amount to prosecutorial misconduct. Rather, they were reasonably based on the evidence presented at trial and proper inferences therefrom. Thus, the prosecutor's gestures and statements in this regard constituted a proper use of oratorical flair and

"vigorous prosecutorial advocacy." ***Commonwealth v. Miles***, 681 A.2d 1295, 1302 (Pa. 1996). Because Appellant has failed to prove that his underlying claim has arguable merit, he is not entitled to relief on this basis.

Moreover, assuming *arguendo* that Appellant's claim had arguable merit, Appellant fails to establish that he suffered prejudice. "Prejudice means that, absent counsel's conduct, there is a reasonable probability the outcome of the proceedings would have been different." ***Commonwealth v. Jones***, 71 A.3d 1061, 1063 (Pa. Super. 2013) (citations omitted). In fact, as explained by the PCRA court,

> [d]uring that particular point in the closing argument, [the prosecutor] was attempting to argue to the jury that [Appellant's] actions and words (previously testified to in trial) demonstrated the *mens rea* appropriate for a murder in the first degree conviction. Ultimately, the jury did not render such a verdict, only convicting [Appellant] of murder in the third degree and four counts of [REAP].

PCRA Court Opinion, 5/22/2014, at 14. Accordingly, Appellant is not entitled to relief on this basis.

Appellant also takes issue with trial counsel's failure to object to or move for a mistrial based on the prosecutor's references to Appellant's testimony and his version of events as being either "unreasonable," "inexplicable," not making "sense," or "invented." Appellant's Brief at 7 (citing N.T., Closing Arguments-Bethany Zampogna, 4/26/2010, 3, 6-10, 13, 15). Appellant argues that these references constitute improper statements

of the prosecutor's opinion regarding Appellant's credibility and that any prejudice Appellant suffered could not have been remedied through a curative instruction.

Initially, we have reviewed Appellant's PCRA petition and note that Appellant failed to include this issue therein. Issues not raised in a PCRA petition cannot be considered on appeal. ***Commonwealth v. Lauro***, 819 A.2d 100, 103 (Pa. Super. 2003). Nevertheless, even if it were reviewable, we would conclude that Appellant's issue is without merit.

> It is settled that it is improper for a prosecutor to express a personal belief as to the credibility of the defendant or other witnesses. However, the prosecutor may comment on the credibility of witnesses. Further, a prosecutor is allowed to respond to defense arguments with logical force and vigor. If defense counsel has attacked the credibility of witnesses in closing, the prosecutor may present argument addressing the witnesses' credibility.

***Chmiel***, 889 A.2d at 544.

As explained by the PCRA court, defense counsel's closing argument "highlighted the testimony of various Commonwealth witnesses, including Rocky Jimenez, Jr. and his motive to lie on the stand in order to protect his father, Rocky Jimenez, Sr." PCRA Court Opinion, 5/22/2014, at 13. Specifically, defense counsel stated that Rocky, Jr., was

> somebody with a motive to tell the story the way they want it to be told, to tell the story in a light that's most favorable to his father. He's close to his father, he looks up to him, he's going to come in and sit in this courtroom and say anything he can to make his father look good. He has no allegiance to [Appellant].

N.T., Closing Arguments-David Nicholls, 4/26/2010, at 17-18. Moreover, defense counsel noted the following with regard to the credibility of other Commonwealth witnesses: (1) that Carlos Valentine got "up on the stand [and] pretty much admits everything he told the police was a lie," (2) that Gladynel Rivera "was probably the most credible of the witnesses that [the jury] saw," (3) that two other individuals had "close connections with Rocky, at his house all the time," and that many of the witnesses were involved in prior criminal behavior. *Id.* Defense counsel then requested that the jury consider all of those factors when deciding who was telling the truth. *Id.* at 18. Moreover, defense counsel indicated to the jury that if it looked "carefully at the facts, it's going to be very difficult for [it] to come to a conclusion beyond a reasonable doubt that [Appellant] ever had the intent to kill anybody. It just doesn't make any sense." *Id.* at 21.

In her closing argument, the prosecutor asked the jury whether it made any sense that those involved in the incident went to "shoot a fair one," and she suggested that "it [wa]s unreasonable to believe that their plan was to do anything other than what they did." N.T., Closing Arguments-Bethany Zampogna, 4/26/2010, at 3. The prosecutor also stated that it was the jury's recollection that governs, but also that Appellant's testimony regarding how the gun was handled prior to and after the shooting did not make "sense," was "inexplicable" and "invented," and that it

was "unreasonable" to believe Appellant's version of events in that regard.

*Id.* at 6-10, 13. Moreover, the prosecutor stated,

> [W]hile I believe that his statement is unreasonable and does not make sense, ladies and gentleman, even if you accept what he says as true, despite all of the other evidence, even if you accept that there was this gun exchange at the green car and then another exchange back, … even if you believe that, … [Appellant] is guilty as an accomplice … .

*Id.* at 15.

Upon review, we conclude that the prosecutor's statements constituted a proper use of oratorical flair, and they were made in fair response to defense counsel's statements during closing argument. ***See Commonwealth v. Holley***, 945 A.2d 241, 250 (Pa. Super. 2008) ("While a prosecutor cannot offer his views as to a defense strategy, he can fairly respond to attacks on a witness's credibility."). Moreover, to the extent that the comments represented the prosecutor's personal belief as to Appellant's credibility, we note that

> not every unwise, intemperate, or improper remark made by a prosecutor mandates the grant of a new trial. Reversible error occurs only when the unavoidable effect of the challenged comments would prejudice the jurors and form in their minds a fixed bias and hostility toward the defendant such that the jurors could not weigh the evidence and render a true verdict. To constitute a due process violation, the prosecutorial misconduct must be of sufficient significance to result in the denial of the defendant's right to a fair trial. The touchstone is the fairness of the trial, not the culpability of the prosecutor.

***Commonwealth v. Sanchez***, 82 A.3d 943, 981 (Pa. 2013) (citations and internal quotation marks omitted).  Viewing the prosecutor's comments in the context of the closing argument as a whole, we agree with the PCRA court that they did not have the unavoidable effect of prejudicing the jury such that it could not weigh the evidence and render a true verdict.

As a final point, the trial court instructed the jury that, *inter alia*, the jury was the "sole and only judge[] of the facts," the jury was not bound "by the recollections of counsel in their arguments to" it, and the jury was "the sole judge[] of the credibility of the witnesses and of their testimony."[4] N.T., 4/26/2010, at 7, 8, 12.  It is well-settled that "[t]he law presumes that the jury will follow the instructions of the court." ***Commonwealth v. Spotz***, 896 A.2d 1191, 1224 (Pa. 2006). Thus, Appellant was not prejudiced by counsel's failure to object.

For the reasons stated above, Appellant is not entitled to relief on his ineffective-assistance-of-counsel claims.  Accordingly, we affirm the order of the PCRA court denying and dismissing Appellant's petition.

Order affirmed.

---

[4] Prior to the commencement of closing arguments, the trial court also informed the jury that those arguments did not constitute evidence and that it was the jury's recollection of the evidence that guided its deliberations. N.T., 4/26/2010, at 3.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary


Date: 2/19/2015