J-S74038-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| OMAR ALI ROLLIE | |
| Appellant | No. 776 EDA 2017 |

Appeal from the PCRA Order February 13, 2017
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0004832-2013, CP-23-CR-0005439-2013

BEFORE:  BOWES, J., LAZARUS, J., and RANSOM, J.

MEMORANDUM BY RANSOM, J.:                    **FILED FEBRUARY 07, 2018**

Appellant, Omar Ali Rollie, appeals from the order entered February 13, 2017, denying his petition for collateral relief filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

On June 26, 2014, a jury convicted Appellant of attempted homicide, possession of a controlled substance with intent to deliver, and possession of drug paraphernalia.[1]  In September 2014, Appellant was sentenced to twenty-five to fifty-two years of incarceration followed by nine years of probation. Appellant's judgment of sentence was affirmed on appeal.  **See Commonwealth v. Rollie**, 131 A.3d 101 (Pa. Super. 2015) (unpublished

---

[1] 18 Pa.C.S. § 901(a); 35 P.S. §§ 780-113(a)(30), (32), respectively.

memorandum). Appellant did not seek review with the Pennsylvania Supreme Court.

In June 2016, Appellant *pro se* filed a motion seeking PCRA relief, raising a number of claims of ineffective assistance of counsel. Counsel was appointed but filed a **Turner/Finley**[2] letter and sought to withdraw representation. The court granted counsel's request. Thereafter, the court sent all parties notice that the petition would be dismissed without a hearing pursuant to Pa.R.Crim.P. 907. Appellant *pro se* filed a response to that notice. The court formally dismissed the petition on February 13, 2017.

Appellant *pro se* timely appealed. Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

On appeal, Appellant raises the following issues for our review which we have reworded and reordered for ease of analysis: [3]

> 1. Did trial counsel provide ineffective assistance by failing to investigate, call, or cross examine eyewitnesses Naysir Hassan and Kevin Davis, thereby violating Appellant's right to confrontation and depriving him of crucial testimony?

> 2. Did trial counsel provide ineffective assistance where he failed to object to the admission of an AK-47 as a trial exhibit, which was used during closing argument and shown to the jury, where the Commonwealth withdrew the charge of convicted felon not to possess a firearm?

---

[2] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1998); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1998).

[3] Appellant separately claimed that the PCRA court erred when it denied his petition without a hearing. As we will address the lack of a hearing alongside each of Appellant's other issues, treating it as a separate issue is unnecessary.

3. Was Appellant's sentence illegal, based upon the doctrines of double jeopardy and merger?

*See* Appellant's Brief at 4-5.

We review an order denying a petition under the PCRA to determine whether the findings of the PCRA court are supported by the evidence of record and free of legal error. ***Commonwealth v. Ragan***, 923 A.2d 1169, 1170 (Pa. 2007). We afford the court's findings deference unless there is no support for them in the certified record. ***Commonwealth v. Brown***, 48 A.3d 1275, 1277 (Pa. Super. 2012) (citing ***Commonwealth v. Anderson***, 995 A.2d 1184, 1189 (Pa. Super. 2010)).

In this case, the PCRA court dismissed Appellant's petition without a hearing. *See* PCRA Court Order, 9/22/15 (citing in support Pa.R.Crim.P. 907). There is no absolute right to an evidentiary hearing. ***See Commonwealth v. Springer***, 961 A.2d 1262, 1264 (Pa. Super. 2008). On appeal, we examine the issues raised in light of the record "to determine whether the PCRA court erred in concluding that there were no genuine issues of material fact and denying relief without an evidentiary hearing." ***Springer***, 961 A.2d at 1264.

All of Appellant's issues involve the ineffective assistance of counsel. We presume counsel is effective. ***Commonwealth v. Washington***, 927 A.2d 586, 594 (Pa. 2007). To overcome this presumption and establish the ineffective assistance of counsel, a PCRA petitioner must prove, by a preponderance of the evidence: "(1) the underlying legal issue has arguable merit; (2) that counsel's actions lacked an objective reasonable basis; and (3)

actual prejudice befell the petitioner from counsel's act or omission." **Commonwealth v. Johnson**, 966 A.2d 523, 533 (Pa. 2009) (citations omitted). "A petitioner establishes prejudice when he demonstrates that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. **Id.** A claim will be denied if the petitioner fails to meet any one of these requirements. **Commonwealth v. Springer**, 961 A.2d 1262, 1267 (Pa. Super. 2008) (citing **Commonwealth v. Natividad**, 938 A.2d 310, 322 (Pa. 2007)); **Commonwealth v. Jones**, 942 A.2d 903, 906 (Pa. Super. 2008).

First, Appellant claims that trial counsel provided ineffective assistance by allegedly "stipulating" to the unavailability of various witnesses.[4] **See** Appellant's Brief at 17. Appellant contends that this stipulation violated his Sixth Amendment right to confrontation. **Id.** Appellant argues that counsel was ineffective for failing to call Naysir Hassan, an eyewitness and victim, to the preliminary hearing or to trial. **Id.** at 34-38. Further, Appellant argues that counsel should have called Kevin Davis, an eyewitness, to trial. **Id.** at 43.

To establish a claim that counsel was ineffective for failing to investigate or call witnesses, an appellant must meet four prongs: (1) the witness existed; (2) counsel was either aware of or should have been aware of the witness'

---

[4] No such stipulation appears in the record. At best, the prosecutor states, in his opening argument, that "Counsel and I've agreed not to have to call the person who is not local." **See** Notes of Testimony (N.T.), 6/25/14, Vol. I, at 63.

existence; (3) the witness was willing and able to cooperate with the defense; and (4) the defendant was prejudiced by the absence of the witness' testimony. *See Commonwealth v. Simpson*, 66 A.3d 253, 271 (Pa. 2013). Where a defendant cannot establish that a witness was available to testify for the defense, the claim fails. *See Washington*, 927 A.2d at 600.

While Appellant can certainly show that the witness existed and that counsel was aware of the witness' existence, this claim still lacks arguable merit. *See Simpson*, 66 A.3d at 271. In the instant matter, Mr. Hassan was called to testify *for the Commonwealth*, not for the defense. There is no indication that he was willing and able to cooperate with the defense. *Id.* At trial, the Commonwealth was unable to produce him as Mr. Hassan had moved to Georgia, and it was prohibitively expensive to fly him to Delaware County for trial. *See* N.T., 6/25/14, Vol. I, at 62. Thus, Appellant cannot show that Mr. Hassan was available and willing to cooperate with the defense. *Simpson*, 66 A.3d at 271. Further, Appellant has not articulated the manner in which Mr. Hassan's testimony would have compelled a different result beyond bald claims to that effect, and accordingly, he has not shown prejudice. *Simpson*, 66 A.3d at 271; *Johnson*, 966 A.2d at 533.

Similarly, Appellant has not claimed that Mr. Davis was willing and able to cooperate with the defense, or articulated the manner in which Mr. Davis' testimony would have been helpful to him. *See* Appellant's Brief at 43-47; *see also Simpson*, 66 A.3d at 271; *Johnson*, 966 A.2d at 533. Indeed, Mr. Davis was subpoenaed to appear at trial but failed to do so. *See* N.T.,

8/25/14, at 153. Thus, the record indicates that Mr. Davis was not ready and able to cooperate with the defense. *Simpson*, 66 A.3d at 271.

Thus, Appellant's claims regarding the failure to call witnesses lack arguable merit, and the PCRA court did not err in concluding that there were no genuine issues of material fact and denying relief without an evidentiary hearing. *See Springer*, 961 A.2d at 1264.

Second, Appellant claims counsel provided ineffective assistance for failing to object to the admission of an AK-47 assault rifle as an exhibit at trial. *See* Appellant's Brief 24. Appellant appears to claim that because the Commonwealth withdrew the charge of possession of a weapon by a felon, there was no legitimate purpose for the introduction of the weapon as an exhibit except to inflame the jury. *Id.*

At trial, the Commonwealth withdrew the charge to avoid the possibility of a bifurcated trial or the possibility of a jury learning that Appellant was a convicted felon. However, the Commonwealth did not withdraw other charges, including attempted murder, terroristic threats, and recklessly endangering another person.

We note, initially, that

> [q]uestions regarding the admission of evidence are left to the sound discretion of the trial court, and we, as an appellate court, will not disturb the trial court's rulings regarding the admissibility of evidence absent an abuse of that discretion. An abuse of discretion is not merely an error of judgment; rather, discretion is abused when the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will, as shown by the evidence or the record.

*Commonwealth v. Trinidad*, 96 A.3d 1031, 1036 (Pa. Super. 2014) (citations and quotations omitted). With regard to the admission of weapons as exhibits,

> all that is demanded before a weapon may be introduced into evidence is a sufficient foundation revealing circumstances justifying an inference of the likelihood that the weapon was used in the crime charged.

*Commonwealth v. Clark*, 421 A.2d 374, 376 (Pa. Super. 1980). Items introduced as evidence may be used during closing arguments. *See Commonwealth v. Stark*, 526 A.2d 383, 392 (Pa. Super. 1987) (allowing recorded confession to be played during closing); *Commonwealth v. Wise*, 444 A.2d 1287, 1289-90 (Pa. Super. 1982); *Commonwealth v. Burton*, 330 A.2d 833, 837 (Pa. Super. 1975) (finding new trial unwarranted where during closing argument, prosecutor handled a weapon introduced as a Commonwealth exhibit).

In the instant case, eyewitness testimony established that Appellant utilized an AK-47 in the commission of his crimes, which included attempted murder. The weapon was described but not shown during opening statements. *See* N.T., 6/25/14, Vol. I, at 55-65; *see also* PCRA Court Opinion (PCO), 7/17/17, at 7. The weapon was properly admitted into evidence during trial and appropriately shown to the jury during closing arguments. *See* N.T., 6/25/14, Vol. I, at 96; *see Clark*, 421 A.2d at 376; *see Burton*, 330 A.2d at 837. Accordingly, this claim lacks arguable merit, and a hearing was unnecessary. *See Springer*, 961 A.2d at 1264.

Finally, Appellant claims that he is entitled to post conviction relief as the result of an illegal sentence. *See* Appellant's Brief at 38. Appellant argues that attempted homicide and terroristic threats should have merged for sentencing purposes. *Id.* at 39. Appellant appears to misunderstand the merger rule. His argument is convoluted, but the thrust of it appears to be that 1) because Mr. Hassan did not appear at trial, Appellant cannot be sentenced for crimes involving him; 2) the evidence was insufficient to sustain three consecutive sentences, or convictions, for attempted murder; 3) because Appellant did not fire three bullets at the retreating car, he could not be convicted of three counts of attempted murder. *Id.* at 41-42.

Initially, we note that a challenge to the sufficiency of the evidence is not an enumerated error listed in the PCRA. *See* 42 Pa.C.S. § 9543(a)(2)(i)-(viii). Further, an appellant may not raise allegations of error in an appeal from the denial of the PCRA relief as if presenting them on direct appeal. *See* ***Commonwealth v. Price***, 876 A.2d 988, 995 (Pa. Super. 2005*), appeal denied*, 897 A.2d 1184 (Pa. 2006), *cert. denied*, 127 S.Ct. 224 (2006) (holding petitioner's challenge to sufficiency of evidence is not cognizable under PCRA). Thus, to the extent that Appellant challenges the sufficiency of the evidence to support his three convictions for attempted murder, we decline further review.

A claim that crimes should have merged for sentencing purposes raises a challenge to the legality of the sentence. ***Commonwealth v. Allen***, 24 A.3d 1058, 1062 (Pa. Super. 2011). Our scope of review is plenary and our

- 8 -

standard of review is *de novo*. **Id.** Whether two offenses merge will turn on Section 9765 of the Sentencing Code, which provides:

> No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense. Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense.

42 Pa.C.S. § 9765. This Court has previously clarified the current state of merger law in Pennsylvania, noting that "there is no merger if each offense requires proof of an element the other does not." **Commonwealth v. Quintua**, 56 A.3d 399, 400-01 (Pa. Super. 2012).

> The Crimes Code defines the related crimes, in relevant part, as follows:

> A person commits an attempt when with attempt to commit a specific crime, he does any act which constitutes a substantial step toward the commission of that crime.

*See* 18 Pa.C.S. § 901.

> A person is guilty of criminal homicide if he intentionally, knowingly, recklessly, or negligently causes the death of another human being.

*See* 18 Pa.C.S. § 2501.

> A person commits the crime of terroristic threats if the person communicates, either directly or indirectly, a threat to:

> > 1) commit any crime of violence with intent to terrorize another;

> > 2) cause evacuation of a building, place of assembly, or facility of public transportation; or

> > 3) otherwise cause serious public inconvenience, cause terror or serious public inconvenience with

reckless disregard of the risk of causing such terror or inconvenience.

**See** 18 Pa.C.S. § 2706(a)(1)-(3).

Here, the elements of the crimes are not subsumed within each other. A person may make a terroristic threat without actually taking a substantial step towards the crime threatened. Likewise, a person may attempt to commit murder without conveying a threat to the victim in the process. Thus, the crimes do not merge, and Appellant's claim lacks arguable merit. **See Quintua**, 56 A.3d at 400-01. Further, as a question of law, an evidentiary hearing would not be required on this claim. **Springer**, 961 A.2d at 1264.

Accordingly, we discern no error in the PCRA court's decision to dismiss Appellant's petition without an evidentiary hearing. Appellant's claims are without merit, and he is entitled to no relief.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/7/18